Nov. Term, 1857.

SWIFT
v.
WAKEMAN.

*N. Trusler*, for the appellant.

---

## SWIFT *v.* WAKEMAN.

To sustain an application for a new trial on the ground of newly discovered evidence, the evidence discovered must relate to the issues made, and not to matters not involved in the suit.

The party asking a new trial on that ground must make a strong case.

Merely cumulative evidence will not sustain the application.

Unless the evidence be in the record, this Court will not disturb the ruling of the Court below in overruling the motion.

The ruling in *Simpson* v. *Wilson* (6 Ind. R. 474) affirmed.

Newly discovered evidence must be judged with reference to the evidence given on the trial.

*Wednesday, December 9.*

APPEAL from the *Benton* Circuit Court.

STUART, J.—*Wakeman* sued *Swift* on an open account composed of several items, and demanded judgment for 600 dollars. *Swift* filed a set-off, claiming judgment for 83 dollars. Trial by jury, and verdict and judgment for *Wakeman* for 243 dollars and 7 cents. A motion for a new trial, interposed at the proper time, was overruled.

The ground of the motion was newly discovered evidence. The affidavit of *Swift*, and that of *Carnahan*, the proposed witness, were filed and set out agreeably to the rule. *Priddy* v. *Dodd*, 4 Ind. R. 84.

The substance of the newly discovered evidence relates to an item of 300 dollars, which does not appear to have been involved in the suit. At least no such item, nor anything corresponding to it, appears in either the plaintiff's bill of particulars, or the defendant's set-off. This alone would be fatal to the application for a new trial on the ground of newly discovered evidence. For clearly the evidence discovered should relate to the issues made, and not to matters which were not involved in the suit.

In such applications, the party seeking a new trial must make a strong and clear case. A new trial will not be granted on account of newly discovered evidence which is merely cumulative. *Jennings* v. *Loring*, 5 Ind. R. 250.

Nor will the ruling of the Circuit Court be disturbed, in overruling the motion for a new trial on the ground of newly discovered evidence, unless the evidence submitted to the jury be fully set out in the record. For thus alone can the Supreme Court determine the relevancy and effect of the newly discovered evidence. If the evidence given on the trial is not in the record, we must presume in favor of the ruling of the lower Court.

In *Simpson* v. *Wilson*, 6 Ind. R. 474, it is held that a party asking a new trial on the ground of newly discovered evidence, should show, 1. That it has come to his knowledge since the trial; 2. That it was not owing to negligence that it was not discovered before trial; 3. That it would probably produce a different result.

It is with reference to the evidence given on the trial, that the newly discovered evidence must be judged: whether it be cumulative merely; or whether, if it be independent and substantive proof, it would still be sufficient to change the result. *Bolton* v. *Miller*, 6 Ind. R. 267.— *Mc Queen* v. *Stewart*, 7 *id.* 535.

In this case, the evidence submitted to the jury is not made part of the record. Consequently we cannot say whether the newly discovered evidence was cumulative only, or whether it would have been likely to change the result. Besides, as already suggested, the newly disco-

vered evidence does not seem to relate to any matter or item in issue between the parties.

We must, therefore, presume, in the absence of the evidence, that the motion for a new trial was correctly overruled.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. R. M. Bryant* and *R. A. Chandler*, for the appellant.
*H. W. Chase* and *J. A. Wilstach*, for the appellee.