## THE STATE *v.* HINEY and Others.

A complaint upon a forfeited recognizance alleged that A, the principal obligor, was under arrest, and in the custody of the sheriff, by virtue of a warrant directed to him by the clerk of the *Howard* Circuit Court, issued by the said clerk upon an information previously filed by the district attorney, charging that, in the county, &c., A unlawfully sold intoxicating liquor, and that the defendants entered into the recognizance, which was approved by the sheriff.

*Held,* that the complaint was good.

The complaint also alleged that the recognizance was defective in this, "that the subscribing was '*Joseph K. Hiney, Smith & St. Clair,*' and it should be *John St. Clair* and *Andrew J. Smith,* for that the said sureties did intend to bind themselves jointly and severally in the aforementioned sum." The copy of the recognizance filed showed that the instrument was signed "*Smith & St. Clair.*"

*Held,* that the averment, though informal, was sufficient.

APPEAL from the *Howard* Circuit Court.

RAY, J.—Action upon a forfeited recognizance. Demurrer to the complaint sustained. The appellee insists that the complaint is defective in not showing authority in the officer to take the obligation. It is shown that the defendant *Smith* was under arrest, in the custody of the sheriff, by virtue of a warrant to him directed by the clerk of the *Howard* Circuit Court, issued by said clerk upon an information previously filed by the district attorney, charging that in the county, &c., he, *Smith,* unlawfully sold intoxicating liquor, and that the defendants entered into a recognizance, which was approved by the sheriff. The allegations are clearly sufficient. The complaint alleges "that said recognizance is defective in this, that the subscribing was '*Joseph K. Hiney, Smith & St. Clair,*' and it should be *John St. Clair* and *Andrew J. Smith,* for that the said sureties did intend to bind themselves, jointly and severally, in the aforementioned sum." The copy of the instrument filed shows that it was signed "*Smith & St. Clair.*" The averment, though not formal, is

sufficient. 2 R. S., § 790, p. 333. The demurrer should have been overruled.

The judgment is reversed, at the costs of appellees.

*D. Williamson,* Attorney General, for the State.

*J. W. Robinson,* for the appellees.

