*J. M. La Rue* and *J. M. Dresser*, for appellee.

------

## LARRIMORE *v.* WILLIAMS.

New Trial.—*Surprise.*—Motion by plaintiff for a new trial, on the ground of surprise, which ordinary prudence could not have guarded against. In support of the motion, the plaintiff filed his own affidavit, setting forth that certain testimony of the defendant, which plaintiff had not expected, and by which he was surprised, was untrue; that he did not know of any evidence by which to contradict such testimony till after verdict, when he was informed, for the first time, of the true state of the facts and the falsity of such testimony, by a third person, whose affidavit he also filed, which set forth facts, not contradictory of such testimony, but going to avoid it.

*Held*, that these affidavits did not show such grounds of surprise as entitled the plaintiff to a new trial.

Same.—*Newly Discovered Evidence.*—Where the evidence given on the trial is not in the record, this court cannot say there was error in refusing to grant a new trial on the ground of newly discovered evidence, though the affidavits in support of the motion be otherwise sufficient; for it cannot know how far the alleged newly discovered evidence would be merely cumulative.

Same.—*As of Right.*—A new trial cannot be claimed without cause shown, under section 601 of the code, in an action to recover damages for obstructing an alleged easement.

APPEAL from the Fayette Circuit Court.

Elliott, J.—Larrimore, the appellant, sued Williams for closing up and obstructing a private way from his land over the land of Williams to a public highway.

The complaint is in two paragraphs. The first alleges · that the plaintiff's vendor purchased the private way, being

seventy-three rods in length, of Williams, in 1833, ever since which time it had been opened and used, as appurtenant to the plaintiff's land, until 1866, when it was obstructed and closed up by Williams.

The second paragraph is the same as the first, except that it claims the right to the way by prescription, by its continued and uninterrupted use, under a claim of right, for more than twenty years.

The complaint concludes with a prayer for judgment for one thousand dollars damages, and that said way be opened, and for general relief.

Answer, the general denial. Trial, and verdict for the defendant. Motion for a new trial overruled, and judgment. The questions in the case arise on the refusal of the court to grant a new trial. Among the causes presented for a new trial are the following:—

"3. Because the plaintiff was surprised and injured by the testimony of the defendant, in a matter which ordinary prudence on the part of the plaintiff could not guard against; in this, that the defendant swore to a contract concerning the opening and closing of the road in controversy, which was untrue, and was never heard of by the plaintiff before said testimony was given.

"4. Newly discovered evidence, material for the plaintiff, and which he could not, with reasonable diligence, have discovered and produced at the trial."

In support of these causes the appellant filed the affidavits of himself and one Abigail Winborough. It is stated in the appellant's affidavit, that after he had closed his evidence, Williams was sworn, and testified in his own behalf, that he and Allen V. Larrimore, the appellant's father, made a contract by which the way in controversy was to be opened from the land now owned by the appellant, over the land of said Williams, to the Everton road, and that said Allen V. Larrimore was to open and keep open a road running over his own land, past his house, and thence eastwardly over the land then owned by Barak Plummer, to

Wilson creek; that he, said Williams, afterwards, in 1846, purchased the land of said Plummer, when said Larrimore closed up the last named road running north from Williams' land through the land of Larrimore, thereby violating said contract; that he, Williams, therefore considered that he had the right to close up the way through his own land to the Everton road; that the jury, as he is informed, believing the evidence of Williams, found for him, when in fact there was no such contract, "as the affiant believes," and if there was, that said Allen V. Larrimore did not close up the road or way through his land, as sworn by the defendant, but that the defendant closed up said way on the Plummer land after he became the owner thereof, some five years before said Allen V. Larrimore closed up the way running over his land; that the affiant had not looked for or expected any such evidence as that given by the defendant, and that he was completely surprised thereby, and that he did not then know of any evidence by which he could contradict the same, and did not discover any such evidence until after the return of the verdict; that on his return home he informed some of his friends and members of his father's family what the defendant had testified to on said trial, and was then informed, for the first time, by Abigail Winborough, his sister, of the true state of the facts and of the falsity of the matters testified to by the defendant.

Abigail Winborough swears that after Williams bought the Plummer land, he closed up the road passing through it to Wilson creek, against the will and without the consent of her father, Allen V. Larrimore, and that the latter, some five or six years afterwards, closed up that part of said way passing over his land, because, as the defendant had previously closed it up on the Plummer land, it was no longer of any benefit for through travel; that her father always claimed the road from his farm to the Everton road as a matter of right, and not by the consent alone of Williams, and that she knows of the uninterrupted use thereof, as now located, for upwards of thirty years.

The motion for a new trial for the causes assigned being overruled, the appellant thereupon moved the court for a new trial under section 601 of the code, as of right, and without cause, upon the payment of all the costs in the case, which he then offered to pay as the court should direct. This motion was also overruled, and the ruling assigned for error.

The ruling of the court upon the motion for a new trial for cause will be first examined. The affidavit of the appellant is intended to sustain the motion for a new trial, on the ground of surprise, on the trial, which ordinary prudence could not have guarded against, and also on account of newly discovered evidence. The ground of surprise stated is, that Williams testified on the trial that it was a part of the contract by which he was to leave the way open through his land from the appellant's land, then owned by Allen V. Larrimore, to the Everton road, that Larrimore was to leave a way open from the south line of his land, passing his house, thence eastwardly to the Plummer land, &c., and that Larrimore subsequently closed up the way through his land, and alleges that no such agreement was ever made. The affidavit, however, of Mrs. Winborough does not sustain the statements of Larrimore. She does not deny, but impliedly admits, that such an agreement was made, but swears that Williams first violated it, by closing up the way on the Plummer land, after he became the owner of it, and thereby destroyed it as a way for through travel, after which Larrimore closed it up on his land. These facts, if material to the case, would not contradict the statements of Williams, but would go to avoid them, which is properly new evidence. It may be remarked, in this connection, that the agreement of Larrimore, as sworn to by Williams, only extended to the way through Larrimore's land. Neither of them, at that time, owned the Plummer land, and had no power, therefore, to control the road way through it. Williams' land lay south of Larrimore's, and when he subsequently purchased the Plummer

land, the way over Larrimore's land became important to him as a road from one of his tracts to the other.

The affidavits do not show such grounds of surprise as entitles the appellant to a new trial. Nor can we say that the court erred in refusing a new trial on the ground of newly discovered evidence. If the affidavits were otherwise sufficient, which we do not decide, the evidence given on the trial is not in the record, and we cannot, therefore, know how far the alleged newly discovered evidence would be merely cumulative. *Swift* v. *Wakeman*, 9 Ind. 552; *Townsend* v. *The State*, 13 Ind. 357; *O'Brian* v. *The State*, 14 Ind. 469.

The appellant was not entitled to a new trial, as a matter of right and without cause, under section 601 of the code. This is not an action to recover the possession of land, but to recover damages for obstructing an alleged easement.

The judgment is affirmed, with costs.

*J. S. Reid, T. B. Adams.* and *F. Berry*, for appellant.

*J. C. McIntosh*, for appellee.