Bell *et al. v.* Tanguy *et al.*

———————•———————

## BELL ET AL. *v.* TANGUY ET AL.

NEW TRIAL.—*Surprise.*—It is not sufficient cause for granting a new trial on motion of the defendant on the ground of surprise, that the attorney for defendant, by reason of necessary work to be done in completing his dwelling-house and his supposition that the cause would not be called for trial, neglected to attend the trial, and that on the trial, in the absence of the defendant, testimony was given that a horse, the value of which was in question, was worth more than he was really worth.

MISTAKE.—*Delivery Bond.*—*Reformation of.*—In an action on a delivery bond, where the bond is made payable to the constable who has levied the execu-

tion, instead of to the execution plaintiff, and the bond shows that the execution was levied in favor of the plaintiff, the mistake, as a clerical error, may be corrected, and the bond reformed by making the execution plaintiff the obligee thereof.

From the Cass Circuit Court.

*D. B. McConnell*, for appellants.

*M. Winfield*, for appellees.

PETTIT, J.—This suit was brought before the mayor of the city of Logansport, having the same jurisdiction and practice as a justice of the peace, by the appellees, Samuel L. Tanguy and Henry Barnheisel, against the appellants, William Bell and Amos W. Mobley, and Mary A. Herbert and Benedict Herbert. The two latter were not served with process. The suit was on a delivery bond executed by the appellants and Herbert and Herbert to a constable for the delivery of a horse which he had levied on by virtue of an execution in his hands, issued on a judgment in favor of the appellees and against Mary A. Herbert. Proper issues were formed between the parties in court, and on the trial before the mayor there was judgment for the defendants for costs. On appeal it was tried by the judge without a jury, and resulted in a finding and judgment for the plaintiffs (appellees here) for fifty-five dollars. The only error assigned is the overruling of the motion for a new trial. The causes for a new trial were,

" 1st. The defendants say that they were surprised by the early calling of said cause, and that certain circumstances beyond their control, and which no ordinary prudence would have required them to neglect, prevented them from presenting their defence, which was a good one, upon said trial; and further, that they were surprised by the testimony of the witness, McSheppy, as to the value of said horse, he having been appraised, and no estimate ever placing his value above twenty-five dollars.

" 2d. The damages are excessive.

" 3d. The court erred in the amount of recovery, making the same much too large.

Bell *et al. v.* Tanguy *et al.*

" 4th. The finding is not sustained by sufficient evidence.

" 5th. The finding is contrary to law."

This motion was overruled, and exception taken. In support of the first cause for a new trial, the following affidavits were filed:

"Dyer B. McConnell swears that he is the attorney for the defendants Bell and Mobley, in the above entitled cause; that he was detained from court during the first week of the present term, by certain repairs to his dwelling-house, which he began before the term, in time, as he thought, to have completed them before the commencing of said term; that his said work was delayed by the rains of Friday and Saturday, the 16th and 17th inst., when his house was in a condition which rendered it uninhabitable when the term commenced; that he was unable to procure sufficient hands to do said work, and was compelled to work at the same himself; that upon the day upon which said cause was tried, his said house was in such a condition as to require his diligent labor until the hour of eleven o'clock at night, to close the same up, so that his property would be in some degree safe.

" Affiant further says, that said cause was numbered eighty-five on the civil docket, and he relied in full confidence upon the usual course of first disposing of the state docket, which contained thirty-three causes, a much larger number than usual, to make it impossible to reach said cause during the first, or even the second week of said term.

" Affiant further says, that the said defendants have a good defence in said cause; that they can prove that the horse was brought in and placed at the disposal of the said Branning on the day mentioned in the bond, and that immediately upon receiving notice that the horse was in town, he, the said Branning, absented himself, so that he could not be found, although he was diligently sought for by the defendants, and by this affiant; that the affiant was the attorney for the defendant Mary A. Herbert, at the time said bond was executed; that the same was not intended for a stat-

utory delivery bond, but for an indemnifying bond to pro-
tect the said Branning against loss by reason of his per-
mitting the said Mary A. Herbert and her husband to take
the horse seized to their house in Fulton county; that the
reason for this was, the said Mary A. Herbert claimed that
the horse did not belong to her, but to the children of James
H. Buntain, deceased, of whom she was then guardian, and
she intended to claim said horse for them as guardian, and
commence an action to try the right of property to the same
as such; that the giving of said bond was a mere tem-
porary arrangement; that the said Branning submitted
the said bond to his attorney Maurice Winfield, Esq., and to
James M. Howard, Esq.; that the only change suggested
by his attorney, Winfield, was, that the horse should be
appraised, and the bond should show it.   I am informed,
and it was in testimony on a former trial of this cause, that
James M. Howard, Esq., advised the said Branning that
said bond was not, in form, a statutory delivery bond, but
was a sufficient bond to indemnify him, Branning, against
loss in giving up the horse to the said Mary A. Herbert.
The said horse was brought in and kept to be delivered up
to the said Branning, for some hours, and subsequently the
horse was again brought in and tendered to the said Bran-
ning, and was by him refused absolutely.   Affiant further
says that he saw said horse repeatedly, and thinks he
knows his value; that he was little, old, and crippled, and
that he does not place his value above fifteen dollars; that
said horse was not then worth more than that amount, and
as affiant has been informed and believes, died within six
months after the date of the execution of the bond sued
upon, of old age."

"William Bell, being duly sworn, declares and says that
he knew the horse for which the bond was given to Ferdi-
nand Branning by Mrs. Mary A. Herbert, Benedict Herbert,
Amos W. Mobley, and William Bell, and upon which suit
was brought by Tanguy and Barnheisel against the makers
of said bond, in which the said horse is described as 'one

·dun horse,' and that said horse was old, and not worth to exceed the sum of fifteen dollars. Affiant further says that to his certain knowledge, the said horse was in the city of Logansport for delivery to the said Branning upon the day mentioned in said bond, and tied in the alley south of the court-house from the hour of eleven o'clock, A. M., to three o'clock, P. M., of said day, within full view of Fourth street, and that in his presence and that of D. B. McConnell, the said Branning was notified by Benedict Herbert, husband of the said Mary A. Herbert, that the horse was there, and that the horse was brought to town for the purpose ·of complying with the conditions of said bond; that after notifying him (Branning) as above, he (Branning) went away, and although he was diligently sought for by himself and the said Benedict Herbert, for the purpose ·of complying with the conditions of said bond, he. could not be found by them; and that as suit had been instituted by the said Mary A. Herbert, as guardian of the ·minor heirs of James H. Buntain, deceased, to try the right ·of property to the said horse, which would. of necessity stay all proceedings for the sale of said horse upon the exe-.cution by virtue of which the said Branning held him, and as said Mary A. Herbert, guardian, was ready to execute a ·bond to obtain possession of said horse, and as she, the said Mary A. Herbert, was then reported to be sick, at the point of death, he, the said Benedict Herbert, by and with the consent and advice of the securities of the said Mary A. Herbert on said bond, after the hour of three o'clock in ·the afternoon of said day, started for his home in Fulton county, taking said horse along with him."

We do not think these affidavits make out a cause for a ·new trial, under the third clause of sec. 352, 2 G. & H. 211. The neglect of an attorney to attend to his duty, or that a witness swore that a horse was worth more than he was really worth, cannot be a surprise such as to justify granting a new trial under the clause of the statute above cited.

The record shows that the parties were present at the

trial, in these words: "Come now the parties, and the issues being joined, a jury is waived and the same is now submitted to the court for trial, and the court after hearing the evidence finds for the plaintiff," etc.

As to the second, third, and fourth causes, we have only to say that the damages are not excessive, and that the court did not err in the amount of the recovery, and that the finding is sustained by the evidence. The evidence shows that the horse was worth fifty dollars, and the law requires that the judgment in such case shall be for the value of the property, if it does not exceed the amount due on the execution, and ten per cent. damages, hence the finding and judgment for fifty-five dollars was proper. The fifth cause for a new trial is, that "the finding is contrary to law."

Under this cause, it is urged that as the delivery bond was in form made to the constable, Branning, no recovery can be had on it by the appellees, who were plaintiffs in the judgment on which the execution issued. The condition of the bond shows that the execution levied on the horse was in favor of the plaintiffs. The complaint shows this mistake, and shows that it was so written, being a clerical error by the draftsman, and asks to reform the bond, and that the plaintiffs were the proper and legal payees of the bond. This was allowed and was clearly right. 2 G. & H. 333, sec. 790. There is no error in the record, and as the transcript was filed July 13th, 1872, and not submitted till November 26th, 1873, and then by appellees on the default of appellants, we think the case is here for delay merely, and not to correct any error of the court below, and we feel it to be our duty to add a per cent. to the judgment.

The judgment is affirmed, at the costs of the appellants, with ten per cent. damages.