## HILL *v.* SUTTON ET AL.

DECEASED JUDGMENT DEFENDANT.—*Enforcement of Judgment.— Widow.*—The words "tenant of real property " owned by a judgment debtor deceased, as used in section 642, 2 G. & H. 297, do not apply to the widow of the deceased, who may be living on the lands as she was at the time of her husband's death. They apply to a person who holds by a lease, as tenant.

SAME.—Enforcing a judgment against the lands of a deceased judgment debtor cannot affect the interest of the widow in such lands.

PRACTICE.—*Supreme Court.*—Where the evidence is not all in the record, the Supreme Court cannot pass upon the sufficiency of the evidence, or the sufficiency of affidavits in support of a motion for a new trial on account of newly-discovered evidence.

SAME.—*Surprise.*—A party cannot legally and successfully say that he was surprised at the giving of proper and legal evidence under an issue that has been formed by the pleadings, in the absence of declarations by the other party that such evidence would not be given on the trial.

From the Jennings Circuit Court.

*C. Baker, O. B. Hord, A. W. Hendricks,* and *R. D. Doyle,* for appellant.

*C. E. Walker* and *J. D. New,* for appellees.

PETTIT, J.—This suit was brought by the appellant against the appellees, to procure an execution under section 642, 2 G. & H. 297, and this is the complaint :

"James Hill, assignee of Thomas Wilkerson, complains of each of the defendants, and says that heretofore, to wit,

on the 13th day of March, at the March term of the Jennings Circuit Court, in the State of Indiana, in the year 1861, said Thomas Wilkerson recovered a judgment in said court against Benjamin R. Sutton for the sum of two thousand dollars, with costs of suit; that by agreement of said Wilkerson and said Benj. R. Sutton (entered on the record), execution was stayed for twelve months on one-half of said judgment, and for eighteen months on the other half of said judgment, without any replevin bail.

"That said Thomas Wilkerson afterward assigned and transferred said judgment to said James Hill, a copy of which judgment, agreement, and assignment are herewith filed and made part hereof; that afterward, to wit, on or about the 1st day of March, 1870, said Benjamin R. Sutton departed this life intestate, at said county, leaving as his heirs Isabel Sutton, his widow, Mary E. Sweeney, his daughter, wife of Patrick Sweeney (who is also made a party), Millard F. Sutton, Langford Sutton, Eva Sutton, Edith A. Sutton, Melvin T. Sutton, and Mary A. Sutton, the children and heirs at law of said Benjamin R. Sutton, deceased; that afterward, to wit, on the 16th day of March, 1870, said David Hulse was duly appointed administrator of the estate of said Benjamin R. Sutton, deceased, and was duly sworn as such and took upon himself the duties and burdens of the administration of said estate; that said Benjamin R. Sutton, deceased, at the time of his death, was the owner of the following described real estate, situate in said county of Jennings, on which said judgment was at the time, and still is, a lien, to wit:" (Here follows description.)

"That one year has expired since the issuing of letters of administration on the estate of said B. R. Sutton, deceased, and said judgment remains due and unpaid, both principal and interest; wherefore plaintiff moves and prays the court that said defendants, the heirs and administrator of the estate of Benjamin R. Sutton, deceased, who have the possession and control of said real estate, may be summoned

to show cause why said judgment should not be enforced against said real estate, and the estate of the said judgment debtor in their hands respectively, and that, upon the hearing hereof, the same may be so enforced by order of the court, and execution ordered and issued for that purpose, as provided by law, and for all other proper relief."

A demurrer for want of sufficient facts was filed by Isabel Sutton, the widow, and sustained to the complaint, and exception taken.   The other defendants answered :

1. General denial.

2. Payment generally.

3. Payment and satisfaction by giving a note on settlement for the judgment, and all other claims and accounts between the parties, which was accepted as a satisfaction, and which note was filed, and was in process of adjudication before the proper common pleas court.

Reply of general denial, trial by a jury, verdict for defendants, motion for a new trial overruled, and judgment on the verdict.

The appellant's counsel, in their brief, present three questions, or points, for our consideration :

1. The correctness of the ruling in sustaining the demurrer of Mrs. Sutton to the complaint.

2. As to the sufficiency of the evidence to sustain the verdict.

3. As to the sufficiency of the affidavits for a new trial, on the grounds of surprise as to the evidence given, and for newly-discovered evidence.

As to the sustaining of the demurrer of Mrs. Sutton to the complaint, we feel clear that there was no error.   The revival or issuing of an execution on the judgment could not affect her interest in the land; and the allegation in the complaint, that the defendants were in the possession of the lands, does not bring her within the meaning of the statute, which speaks of a tenant of real property, owned by, etc. We think that these words apply to a person who holds the land by a lease as tenant, and not to the widow of the

deceased, who may be living on the lands, as she was at the time of her husband's death.

As to the sufficiency of the evidence, we have only to say that, according to the record, it is not all before us in a bill of exceptions, and therefore we cannot pass upon it.

The transcript, on page 74, says: "And the plaintiff then introduced and read to the jury as evidence the following deed, to wit: (here insert)."

There is no deed in the record introduced by the plaintiff; hence the bill of exceptions shows that all the evidence given is not before us, and we cannot consider the sufficiency or insufficiency of that which is before us. It follows, as all the evidence given is not before us, that we cannot tell or consider whether the affidavits for a new trial for newly-discovered evidence are sufficient or not; for we cannot compare the alleged newly-discovered evidence with that which was given on the trial, and thus determine whether a new trial should have been granted for that cause. "Accident or surprise, which ordinary prudence could not have guarded against," is made a cause for a new trial under our code, and the motion for this cause must be sustained by affidavit.

The following is the affidavit made to show the surprise: "James Hill, assignee of Thomas Wilkerson, plaintiff in the above entitled cause, being duly sworn according to law, on his oath says that, on the trial of the above cause, the plaintiff was surprised by testimony introduced by the defendants. He was surprised by the statement of the witness George M. Carter, that in a settlement which witness stated took place between plaintiff and Benjamin R. Sutton, deceased, in August, 1867, 'all of the interest due from said Sutton to plaintiff was paid at that time;' which statement was not true so far as the same relates to the judgment mentioned in this plaintiff's complaint; that this plaintiff did not know that said witness would make any such statement until the same was made; that he was surprised by the statement made by Isabel Sutton, the widow of Benjamin R. Sutton, deceased, made as a witness for the defendants, 'that in

August, 1867, said Benjamin R. Sutton placed his hand upon a note of between eleven and twelve hundred dollars in the presence of the plaintiff Hill, and said to witness, that is all that I owe Mr. Hill, or words to that effect;' by which testimony plaintiff was surprised, as no such statement was made in his presence by said Benjamin R. Sutton to said witness, nor to any one else; that it is true that said judgment and the interest thereon are due to this plaintiff, and unpaid, and he believes if a new trial be granted to him he can produce additional evidence tending to prove that said settlement spoken of in the evidence, and said note spoken of, related to other matters, and did not include or embrace the judgment named in the complaint."

We do not think that this is such an affidavit, in contemplation of the statute, as entitles the appellant to a new trial. The evidence, at which the appellant says he was surprised, was proper and legitimate under the issues formed by the parties, and we do not think that a party can legally and successfully say that he was surprised at the giving of proper and legal evidence under an issue that has been formed by the pleadings. He is presumed to know, and be prepared to meet, all the evidence that may properly be given under the issues formed. Two witnesses swore more strongly in support of the issues on the part of the defendants than the plaintiff had knowledge they would swear; and hence he wants a new trial.

It may be that a new trial will be given in or under some peculiar state of facts, on account of surprise; as if the one party or his attorney had said, before trial, to the other party or his attorney, that certain evidence would not be given, and on the trial it should be given. But this is not such a case. See *Cummins* v. *Walden*, 4 Blackf. 307; *Larrimore* v. *Williams*, 30 Ind. 18; *Brownlee* v. *Kenneipp*, 41 Ind. 216; *Pauley* v. *Short*, 41 Ind. 180; *Bell* v. *Tanguy*, 46 Ind. 49.

There is no error in the record for which the judgment ought to be reversed.

The judgment is affirmed, at the costs of the appellant.