## LEACH ET AL. *v.* RHODES, ADM'R.

PLEADING.—*Consideration.*—In a pleading founded upon a contract, the consideration must be stated as well as the promise, except when the pleading is upon a deed, bill of exchange, promissory note, or other instrument in writing which imports a consideration; and in alleging the consideration, it is not sufficient to say that the promise was made for a full and valuable consideration, but particular facts, legally sufficient to support the promise, must be stated.

SAME.—A complaint by the assignee against the assignor of a promissory note, upon a parol agreement that the latter would guarantee the prompt payment of the note, and that he would collect the note and pay the amount over to the plaintiff, if not paid by the maker, did not allege a consideration for such promise.

*Held,* that the complaint was insufficient.

From the Howard Common Pleas.

*J. W. Robinson* and *N. R. Linsday,* for appellants.

*M. Garrigus,* for appellee.

DOWNEY, J.—This was a claim filed by the appellants against the appellee. It was in the form of a regular complaint. In it the claim is stated, in substance, as follows: That the deceased held two promissory notes against Thomas H. Ellison, secured by a mortgage on an interest in a grist-mill and small piece of land; that the deceased sold and delivered the notes to the plaintiffs " for a full and valuable consideration," and agreed and guaranteed the prompt payment of the same, and that he would collect the notes and pay the amount over to the plaintiffs, if not paid by the maker. It is then averred that the deceased instituted an action on the notes and mortgage, and recovered a judgment against Ellison for the amount of the notes and for a foreclosure of the mortgage; that the mortgaged premises were sold and purchased by the plaintiff Moore, who paid therefor forty dollars, thirty-one dollars of which went to pay the costs in the action; that Moore sold the land, so purchased by him, at private sale for one hundred dollars, which sum was credited on the debt; that Ellison is insolvent; that the balance due of the debt is four

hundred and sixty-two dollars and interest, which remains unpaid, etc.

Answer in ten paragraphs. Demurrers filed to all of the paragraphs, except the first, which was the general denial. Demurrers sustained to all the paragraphs except the fifth, eighth, ninth, and tenth, to which the demurrers were over-ruled. Issues were formed, and there was a trial by the court, finding for the defendant, motion for a new trial overruled, and judgment for the defendant.

The overruling of the demurrers to the fifth, eighth, ninth, and tenth paragraphs of the answer is the first alleged error.

We think there was no error in this ruling, because we think the complaint is substantially defective. To constitute a valid contract, there must be a consideration. In stating a contract in a pleading, the consideration must be stated, as well as the promise, in every case except where the pleading is upon a deed, bill of exchange, promissory note, or other instrument in writing which imports a consideration. In this case, the action is not upon the notes which were sold by the deceased to the plaintiffs, nor upon any indorsement of them, nor any other instrument in writing importing a consideration. But it is upon a parol or oral contract. It was necessary, there-fore, to state a consideration for the promise of the deceased. In alleging a consideration, the particular facts must be stated. It will not do to say, " for a full and valuable consideration " the deceased promised, etc. The code has not changed this rule of pleading in those cases in which it is necessary to allege a consideration. It is a conclusion of law to allege that there was a full and valuable consideration, without stating the par-ticular facts. It is for the court, and not the pleader, to decide whether or not the facts stated show a consideration. *Brush* v. *Raney*, 34 Ind. 416.

" The consideration must either appear impliedly from the instrument itself, as a promissory note or bill of exchange, or the complaint must expressly state the particular consideration on which the contract is founded. And it is essential that the consideration stated should be legally sufficient to support the

promise for the breach of which the action is brought." Moak's Van Santvoord Pleadings, 217, star paging. See, also, 1 Chitty Pl. 292, *et seq.;* 1 Saunders Pl. & Ev. 187, *et seq.*

These authorities point out the difference between executed and executory considerations, and give the rules for alleging each. But we need not consider the subject in its details, as, . in this case, no attempt is made to state the nature and particulars of the consideration, or to show whether it was of the one kind or the other. We need not examine any other questions made in the case.

The judgment is affirmed, with costs.