## Rich v. Starbuck.

New Trial.—*Review of Judgment.—Newly-Discovered Matter.*—The remedy for a party who, after trial, has discovered material new matter, not admissible in evidence under the issues tried, is not a new trial, but a review of the judgment.

Same.—*Principal and Surety.—Extension of Time of Payment.*—Suit on a promissory note by the payee against the makers. Answer, general denial. Finding and judgment for the plaintiff. Complaint for a new trial, alleging that one of the defendants was surety for the other defendant, and that since the term at which the cause was tried he had discovered that after the maturity of the note his principal and the payee had, upon a consideration stated, agreed for an extension of the time of payment, without his knowledge or consent.

*Held,* that said complaint stated newly-discovered matter, not newly-discovered evidence, and was bad on demurrer.

From the Wayne Common Pleas.

*I. B. Morris,* for appellant.

*W. A. Bickle,* for appellee.

Worden, J.—Edward Starbuck sued William C. Rich and Daniel C. Rich, on a promissory note executed by the defendants to the plaintiff in that action, in the court below; and the defendants therein appeared and pleaded the general denial only, and upon trial there was a finding and judgment in favor of the plaintiff in that action.

This action was brought by the defendants in the action above mentioned, William C. and Daniel C. Rich, against Starbuck, to obtain a new trial in the former action. The complaint in this action contained two paragraphs, to which demurrers, for want of sufficient facts, were sustained, and final judgment was rendered for the defendant. Exception.

William C. Rich alone appeals, and has assigned error upon the sustaining of the demurrers to the complaint.

The complaint in this action alleges, in substance, as the ground upon which a new trial is asked, that since the term at which the original trial was had, he, the said William C., who, it is alleged, was a surety on the note, has discovered that after the maturity of the note, the payee thereof, Star-

buck, and the said Daniel C. Rich, who was the principal in the note, made an agreement upon a consideration, which is stated, for an extension of time for the payment of the note, without the knowledge or consent of him the said William C., whereby the said William C. was discharged from his liability thereon.

This is newly-discovered matter, rather than newly-discovered evidence.

A new trial is not the remedy for a party who has discovered new matter, since the former trial, not within the issues in the former trial ; for a new trial is but the re-examination of the issues previously tried.

There were no issues in the former action under which the newly-discovered matter could have been given in evidence. It is settled, by the authorities, that a new trial cannot be granted in such case, but that the remedy of the party is by review for newly-discovered matter. *Swift* v. *Wakeman,* 9 Ind. 552 ; *Nelson* v. *Johnson,* 18 Ind. 329.

This objection is fatal to both paragraphs of the complaint, and we affirm the judgment without considering other objections made.

The judgment below is affirmed, with costs.