Fuller v. Wright.

---

## FULLER v. WRIGHT.

BOND.—*Defect.*—*Mistake.*—A bond taken by an officer in his discharge of an official duty, in an action pending in a certain court, is not rendered void because it mistakenly recites such action as pending in a different court.

SAME.—*Pleading.*—Such mistake should, in an action on such bond, be suggested in the complaint.

SAME.—*Practice.*—Where matter pleaded specially is admissible in evidence under the general denial, which is also pleaded, the sustaining of a demurrer to such special plea is harmless.

SAME.—*Action on Replevin Bond.*—*Defence.*—It is no defence to an action on a replevin bond, against the surety, to answer, that he executed the same relying on the statement of the principal that the property replevied was his; that default was taken against the principal without the knowledge of the surety; and that he had afterward attempted, but failed, to have the default set aside, to allow him to prosecute the action in the name of the principal.

From the Marion Circuit Court.

*C. Byfield* and *D. Howe*, for appellant.

*W. P. Adkinson* and *J. M. Johnson*, for appellee.

BIDDLE, C. J.—Suit on a replevin bond.

The complaint avers, that Jennie Adams brought an action of replevin "in the civil circuit court of Marion county, Indiana," against Levi Wright and Hiram Alland, to recover the possession of certain personal property; that Jennie Adams and James H. Fuller made their undertaking, or bond, that the said Jennie would prosecute the suit with effect and without delay, and return the property, if a return should be adjudged by the court, and pay all sums of money recovered against her in said action; but the bond recites, that the action is "in the superior court of Marion county;" that Jennie Adams was defaulted in the replevin suit, the cause dismissed at her costs, and the property adjudged to the defendant therein. This suit is brought on the undertaking.

The appellant demurred to the complaint, for the cause that it did not state facts sufficient to constitute a cause of action against him. The court overruled the demurrer; whereupon proceedings were had, which resulted in a verdict and judgment against the appellant. He appealed to the court in general term, wherein the judgment was affirmed, and thence to this court.

There is other matter in the record, which we do not state, as it is unnecessary in presenting the questions in the case.

The appellant assigned the overruling of his demurrer to the complaint as error, and properly presents the question here. The grounds he takes in his demurrer are, that the averment of the mistake, in making the bond applicable to the wrong court, is not sufficient to authorize the court to correct it; and, if sufficient, the court can not grant relief against him, because he is merely surety upon it. The averment in the complaint is as follows:

"And the said plaintiff in this suit says, and suggests to the court, that, when said bond and undertaking was made, executed and delivered by said defendants in this suit, said Jennie Adams and James H. Fuller, it was intended to be in the civil circuit court of Marion county,

and State of Indiana, and that the word 'superior' was put in said bond, instead of the words 'civil circuit,' by mistake."

This averment is sufficient. The bond was taken by an officer in the discharge of the duties of his office, and is not void for the error in the recital, nor is the surety thereby released. In such cases, the defect may be suggested in the complaint, and recovery had to the same extent as if the bond was perfect in all respects. 2 R. S. 1876, p. 311, sec. 790; *Patterson* v. *The State,* 10 Ind. 296; *Jones* v. *Droneberger,* 23 Ind. 74; *The State* v. *Hiney,* 24 Ind. 381; *Sturgis* v. *Rogers,* 26 Ind. 1; *Gavisk* v. *McKeever,* 37 Ind. 484; *Bell* v. *Tanguy,* 46 Ind. 49; *The State* v. *Berg,* 50 Ind. 496; *Bugle* v. *Myers, ante,* p. 73; *Railsback* v. *Greve,* 58 Ind. 72.

The appellant answered the complaint, first, by a general denial, and also by a second, third and fourth paragraphs, to which, except the general denial, demurrers were sustained for the want of sufficient facts to constitute a defence.

There is no error in these rulings. All the matters set up in them could have been given under the general denial in mitigation of damages.

There is a sixth paragraph of answer containing numerous averments, as follows: That, when the appellant executed the bond, he was informed by his co-defendant and her attorney, that the said replevin suit was pending in the superior court, and that he knew not otherwise until judgment was rendered therein; that he was also informed by his co-defendant, that she was the owner of the property replevined; that the merits of the action were never tried, but that judgment was rendered on the default of the said Jennie Adams; that, if he had known the action was about to be defaulted, he would have attended court and prosecuted the same, in her name, and that said default was taken without any negligence on his part; that, as soon as he discovered that said default had

been suffered, he employed counsel and moved to set the same aside, which motion was denied ; and that it would be inequitable to grant the plaintiff relief against him; in all of which we see nothing that constitutes a defence to the action.

The appellant also claims, that the instructions given by the court to the jury were erroneous, and that the instructions which the court refused to give should have been given; to all of which we may say generally, that the instructions which the court gave to the jury fall within the basis of the law which we have expressed in ruling upon the pleadings in the case; and those refused are based upon the view, that the special paragraphs of answer pleaded by the appellant were sufficient to bar the action. No useful purpose, therefore, would be accomplished by stating them in detail.

The judgment is affirmed, with costs.