Ricketts v. Harvey et al.

No. 8386.

RICKETTS v. HARVEY ET AL.

PROMISSORY NOTE.—*Pleading.*—*Answer.*—*General Denial.*—In an action upon promissory notes, an answer by the makers, that they had "executed" the notes, but had not delivered them, is sufficient, as such answer is equivalent to a general denial.

SAME.—*Void Consideration.*—An agreement by the payees of such notes, in consideration of their execution, to use their influence to secure the dismissal or favorable termination of a criminal prosecution, is void, and does not furnish a sufficient consideration for such notes.

SAME.—*Given for Debt of Bankrupt.*—An answer, that such notes had been given for the debt of A., who had been adjudged a bankrupt, of which the payees had notice, and that A. subsequently obtained his discharge in bankruptcy, is insufficient in bar of the action.

SAME.—*Testimony of Surety as to Declarations of Principal.*—It is error to allow a surety to testify to what his principal told him in the absence of the payees, at the time he signed the notes, for what purpose the notes were given.

From the Madison Circuit Court.

*L. M. Conn* and *H. D. Thompson,* for appellant.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellees.

BEST, C.—This action was brought by the appellant against the appellees, upon two notes made by them to him and one Hinton, on the 29th day of May, 1877, payable two and four months from date respectively, with interest, and without relief, etc.

The appellees filed an answer of five paragraphs:

The first answer was a general denial.

The second was a plea of no consideration.

The third admitted the execution of the notes, but averred that they were never delivered, and that the appellant had possession of them without right.

The fourth averred that there was a criminal prosecution pending in the Howard Circuit Court against one Miles Harvey, for obtaining money by false pretences from the payees of said notes; that the payees of said notes were the

prosecuting witnesses in said prosecution, and that the only consideration for said notes was the agreement of said payees to use their influence to get said prosecution dismissed or favorably terminated.

The fifth averred that said notes were given for the debt of one Miles Harvey, who was indebted to the payees, and who then had a petition pending in bankruptcy; that the payees were notified of such proceedings, and said Harvey afterward obtained his discharge in bankruptcy.

The appellant filed separate demurrers to the third, fourth and fifth paragraphs of the answer, for the reason that neither of them stated facts sufficient to constitute a defence, but the demurrers were overruled and exceptions were reserved.

A reply was then filed; the issues were submitted to a jury, and a general verdict returned for the appellees. The appellant moved for a new trial, which was overruled, and a judgment was rendered upon the verdict.

From this judgment the appellant appeals, and, by the proper assignments of error, insists that the court erred in overruling the demurrers to the third, fourth and fifth paragraphs of the answer, and in overruling his motion for a new trial.

The third paragraph of the answer averred that the notes were executed, but not delivered, and it is insisted that this was not a sufficient answer. We think otherwise. The word "executed" implies a delivery, but as it is expressly averred that the notes were not delivered, we think the word "executed," as used, was synonymous with the word "signed," and that the paragraph, fairly construed, means that the notes were signed, but not delivered. The paragraph attempted to deny the execution of the notes, but, as it was not verified, it was insufficient for such purpose. It, however, denied the delivery of the notes and was equivalent to a general denial.

The demurrer was properly overruled.

It is insisted that the fourth paragraph of the answer is not good because the mere agreement of the payees to use their

influence to secure a favorable termination of the criminal prosecution was not illegal. This position can not be maintained. It is the duty of every person to exercise his influence in favor of the due enforcement of the criminal laws of the State, and no agreement to withhold such influence, or to employ it in such manner as to affect such prosecution, will be enforced. The law exacts from every one the obligation to aid in the due administration of justice by the proper exercise of his influence, and every agreement whereby such person's influence is secured, controlled, neutralized or in any way affected, is a fraud upon the law, and is void as being against public policy. In this case the payees of the notes were the prosecuting witnesses, and the persons from whom Harvey obtained the money. Their relation to the prosecution was, in a certain sense, adverse to Harvey. The agreement did not create the relation of attorney and client, but imposed upon the payees the obligation to otherwise aid Harvey in escaping punishment in such prosecution. They were to use their influence to secure a favorable termination of the prosecution. This imposed upon them some obligation. This was to do something for Harvey, or nothing against him. The proper exercise of their influence was due Harvey without compensation, and the proper exercise of such influence, though beneficial to Harvey, would not have been prejudicial to the public. The engagement, however, imposed a greater obligation, and the promised compensation would naturally prompt them to aid Harvey in defeating such prosecution. The desire to discharge such obligation, stimulated by such compensation, would suggest the employment of illegitimate means and result in embarrassing, if not defeating, such prosecution. This the law will not sanction by enforcing such contracts. 1 Parsons on Contracts, 440; *Gray* v. *Hook*, 4 N. Y. 449.

We think the facts averred constituted a bar to the action.

The fifth paragraph of the answer was insufficient, and the demurrer should have been sustained. The discharge of

Miles Harvey from the payment of his debts in no manner relieved the appellees from the payment of theirs, and this fact constituted no defence.

This brings us to the motion for a new trial.

Among the various reasons embraced in the motion, it was insisted that the court erred in admitting, and in refusing to strike out, the testimony of one A. Ellis, as to the consideration of the notes, since it appeared that he knew nothing about it other than what Joel R. Harvey, the principal maker of the notes, told him when he requested him (Ellis) to sign the notes.

It appeared from the evidence that Joel R. Harvey was the principal in said notes, and that Ellis was one of his sureties. Ellis was called by the defendants, and this question was propounded to him : " State to the jury what the consideration of these notes was." He answered : " Those notes were presented to me for my signature by Joel R. Harvey, and I signed with the understanding—"

At this point the appellant objected, and inquired of the witness whether either of the payees was present? The witness answered, " No, sir ;" and appellant objected to witness stating any conversation that occurred between the witness and Harvey ; but the court overruled the objection, and the witness answered : " I signed those notes for the purpose of securing the release of this man, Miles Harvey, that was under indictment at that time.   *   *   That was all the conversation I had any knowledge of whatever." Upon cross-examination the witness stated that he had had no conversation with any one, except Joel R. Harvey, about the notes ; whereupon the appellant moved the court to strike out his testimony as to the consideration of the notes. Thereupon the court inquired of the witness what, if anything, he personally knew about the consideration of the notes.   He answered : " I don't know that I know anything about it, except as far as I knew this prosecution was going against Miles Harvey ; that he had been convicted at a certain term

of court; that was a matter that was known by every person out there."

The court further enquired: "That was the understanding between you and Harvey as you got it from Harvey?"   Answer: "Yes, sir."   "You had no understanding or conversation with the plaintiffs, nor actually knew nothing only as you inferred it from the circumstances?"   "That was all; yes, sir."

Upon these answers the court refused to strike out the testimony.   This was error.   The witness signed the notes as the surety of Harvey, and the consideration that moved from the payees to Harvey supported the notes.   Harvey's statements to the witness were not competent because they were hearsay, and the substance of the statements of Harvey was as incompetent as the statements themselves.   Nor could the witness infer a fact from the circumstances and state that inference to the jury.   If facts are thus to be established, the jury, and not the witness, must infer the facts from the circumstances.

The appellees claim that if this ruling was wrong it was harmless, as the other evidence abundantly established the vicious consideration of the notes.

In this position we do not concur.   The appellant offered testimony tending to show that they had furnished Miles Harvey $300 in money; that the notes in suit were given in satisfaction of their claim against him, and that such claim was the only consideration of said notes.   The testimony of the appellees tended to show that the consideration of the notes was as stated by Ellis, and, as between these versions of the transaction, the testimony of Ellis may have had a controlling influence.   If it had any, it injured appellant upon this disputed question of fact.   We can not say that it did not, and therefore think the court erred in admitting and in refusing to strike it out.   For these errors the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things, reversed, at the costs of the appellees.