Filed Nov. 28, 1883.

---

No. 10,380.

KEESLING v. WATSON, ADMINISTRATOR.

PROMISSORY NOTE.—*Execution.—Delivery. — Possession. — Complaint.*—In a complaint upon a promissory note alleged to have been executed by the defendant and to be in his possession, it is not necessary to also allege that he delivered the note.

SAME.—*Excuse for Failure to File Copy as Exhibit.—Fraud.*—In such case the averment that the defendant has possession of the note is a sufficient excuse for failing to file the note or a copy of it with the complaint; nor was it necessary to allege that one S., in whose custody the note was, and from whom it was alleged the defendant fraudulently procured the note, was the plaintiff's agent, as the *onus* of showing that the plaintiff had parted with the note was on the defendant.

SAME.—*Consideration.*—In a suit on a note, it is not necessary to aver a consideration as the note imports it.

SAME.—*Evidence.—Statements.—Res Gestæ.*—Where, in such case, the defendant obtained from S., who had the custody of such note, its possession by virtue of an order which purported to have been executed by the decedent, he can not prove by S. what he said to S. at the time he obtained the note, about the decedent having executed such order. These statements were not a part of the *res gestæ*, and as they were made by himself, they were inadmissible.

PRACTICE.—*Motion to Strike Out Pleadings.*—Overruling a motion to strike out a part of a pleading is not an available error.

SAME.—*Evidence.—Notes of Judge.—Record.*—The notes of the evidence made and signed by the judge and made a part of the record can not

supply the evidence, especially when it does not purport to be all the evidence, and in such case the record can not be deemed to contain the evidence.

From the Delaware Circuit Court.

*J. W. Ryan, J. S. Buckles* and *J. F. Sanders*, for appellant.
*W. Brotherton, R. S. Gregory* and *W. W. Orr*, for appellee.

BEST, C.—The appellee brought this action against the appellant. The complaint consisted of four paragraphs, to each of which a demurrer, for the want of facts, was overruled. A motion to strike out portions of the second paragraph was also overruled. An answer was filed, a trial had, a verdict returned, and over a motion for a new trial judgment was rendered for the appellee.

These rulings have been assigned as error.

The first three paragraphs of the complaint seem to be founded upon the same note. The first, after averring that the plaintiff was the duly appointed administrator of Coracy Keesling, deceased, alleges that the defendant, on the 23d day of June, 1877, made and executed to the decedent, then in life, his promissory note for $1,515, payable at the time of her death, with ten per cent. interest from maturity; that she died on the — day of August, 1880, and that the note remains unpaid; that the defendant has possession of the note or has destroyed it, and by reason thereof the plaintiff is unable to furnish a copy of it. It is also averred that the note was given for real estate, and the prayer is that the plaintiff may recover judgment for the amount of the note and interest, and that the same be declared a lien upon the real estate.

The second paragraph alleged the same facts as the first, and in addition thereto averred that the defendant, who was the decedent's son, fraudulently obtained possession of said note by presenting to C. E. Shipley, who then had its custody, a written order purporting to have been drawn by the decedent upon him, requesting him to deliver the note to the defendant, but which order was not drawn by her, and the pos-

session of the note was thus obtained without her knowledge or consent.

The third paragraph avers the same facts as are averred in the second, and, therefore, need not be noticed more particularly.

The first objection urged to the first paragraph of the complaint is that it is not expressly averred that the note was ever delivered by the appellant to the decedent. It is conceded that the averment that "the note was made and executed," is ordinarily sufficient, but it is insisted that since it appears that the note is in the possession of the maker, it must be averred that it was originally delivered. No authority supports the appellant in this position, and we can see no reason for such averment. The averment that the note was executed implies a delivery, and is equivalent to an express averment that the note was signed and delivered. *Ricketts* v. *Harvey*, 78 Ind. 152.

The next objection urged is that a sufficient excuse for the failure to file the note, or a copy, with the paragraph, as required by statute, is not shown. It is insisted that an averment that the defendant has possession of the note is not sufficient without also stating how he obtained it. We think otherwise. If the defendant has possession the plaintiff is supposed to be unable to furnish a copy, and this inability constitutes his excuse. If unable to furnish a copy, the excuse is the same, however possession was obtained. The rights that grow out of or depend upon such possession do not enter into this question. The excuse as alleged seems to us to be sufficient. 1 Works Pr., p. 282.

The paragraph in question was not insufficient for the reasons urged, and, therefore, this assignment of error can not be sustained.

The objection first above considered is also urged against the sufficiency of the second and third paragraphs of the complaint, and in connection therewith it is insisted that the paragraphs are bad, because it is not averred that C. E. Shipley held possession of the note for or as agent of the decedent.

This objection is not well taken. These paragraphs aver that the defendant executed the note, and that it was due and unpaid. This rendered the defendant *prima facie* liable upon the note. The possession of Shipley was not inconsistent with the decedent's rights to recover, and the plaintiff was not required to aver that he held it for her, or that she had not parted with the paper. If such was the fact, the onus of showing it was upon the appellant.

It is also urged that these paragraphs are bad because it is not averred that a deed was made or tendered before suit brought. This was unnecessary. The note was an absolute promise to pay money; it imported a sufficient consideration. If there was a failure or want of consideration the defendant must plead it.

These paragraphs were sufficient, and the demurrer properly overruled.

The court, upon appellant's motion, refused to strike out portions of the second paragraph of the complaint, and this ruling is assigned as error. Such ruling is not an available error in this court. *House* v. *McKinney,* 54 Ind. 240; *Halstead* v. *Board, etc.,* 56 Ind. 363.

The fourth paragraph of the complaint was founded upon the following instrument:

"For value received, each of us promise, on or before the 9th day of December, in each year hereafter, during the natural life of Coracy Keesling, to pay to the order of the said Coracy the sum of one hundred and twenty-five dollars, with interest on each instalment after maturity thereof at the rate of ten per cent., without relief from valuation laws, and attorneys' fees if suit be instituted on this agreement. And in case said Coracy shall die on any other day than that fixed above for such payment, then the amount due hereon for such year shall bear the same proportion to the sum of one hundred and twenty-five dollars that the time then elapsed since the preceding 9th day of December shall bear to one full year. This is signed by all of us to avoid a number of separate in-

struments, but is intended only as a separate contract on the part of each signer, and not the joint contract of all, and no one of the signers hereof is liable in any form for the promise of any of the others.

"Muncie, Indiana, Dec. 9th, 1871.

(Signed)        " STEPHEN C. KEESLING.

" HENRY C. KEESLING."

And by six others.

The objection urged to this paragraph is that the consideration for the appellant's promise is not stated.    This was unnecessary.    The above instrument is a promissory note which imports a consideration, and in such case no such averment is necessary.    *Leach* v. *Rhodes*, 49 Ind. 291 ; *Durland* v. *Pitcairn*, 51 Ind. 426.    The demurrer to this paragraph was therefore properly overruled.

The motion for a new trial was based upon the ground that the verdict was contrary to the evidence ; that new evidence had been discovered, and that the court erred in refusing to allow C. E. Shipley and the appellant to testify to statements made by the latter at the time he obtained possession of the note from the former.

The questions raised by the first and second causes for a new trial depend upon the evidence.    The appellee insists that the evidence is not in the record, and an examination of it leads us to the same conclusion.    The record recites that certain " notes of the evidence" are filed, and these are set out, signed by the judge, and made a part of the record, but it is nowhere stated that these notes are all, or indeed any part, of the evidence.    Besides, it affirmatively appears that a part of the evidence is not embraced within these notes.    As the evidence is not otherwise in the record, the record can not be deemed to contain it.    *Railsback* v. *Greve*, 58 Ind. 72.

In the absence of the evidence, the first and second causes for a new trial do not present any question.    *Hill* v. *Sutton*, 47 Ind. 592.

A bill of exceptions recites that the appellee produced C.

E. Shipley, by whom he proved that the decedent left the note in question in his custody for safe-keeping; that appellant came to him, and, as the results of a couple of interviews, he prepared for and delivered to appellant a written order, to be executed by the decedent, directing the witness to deliver the note to appellant; that afterwards the appellant produced the order, then signed, or which purported to be signed, by the decedent, and delivered it to him with several other notes, made by him, payable to the decedent, at different times long thereafter, all aggregating the amount of the note then held by the witness, whereupon he delivered said note to the appellant. After the witness had thus testified, the appellant, upon cross-examination, asked what he had said to the witness at the time of such exchange of notes, whether he did not request him to go with him to his mother and effect the exchange of the notes; whether he did not request him to send his partner; what he said to the witness in the conversations preceding the preparation of the order, etc. These inquiries, upon objection, were excluded, and this ruling is the third ground of the motion for a new trial. The appellee claims that the note was obtained from Mr. Shipley without the decedent's consent; while the appellant claims that his mother consented to give him more time to pay the debt, and to carry out this purpose agreed to accept the other notes for this one, and not only directed him to deliver such notes to Mr. Shipley, but executed the order, directing Mr. Shipley to deliver this note to him. The real dispute was whether the mother had consented to the exchange. Upon this issue it seems manifest to us that the appellant could not prove his own statements. He could not, upon cross-examination, because the appellee had not gone into them, and he could not, on his own behalf, because his statements did not bind the decedent.

Nor were they admissible as a part of the res gestœ, as the appellant contends. The mere act of obtaining possession of the note was not disputed, nor did it need explanation. The

disputed fact was the execution of the written order. This, if done, was done before and at a different place. What the appellant may have said could not possibly throw any light upon an act which had before that time occurred. This case does not, as it seems to us, fall within any exception to the rule that precludes a party from proving his own statements against another made in the absence of such other person. There was, therefore, no error in refusing the proffered testimony.

This disposes of all the questions in the record, and for the reasons given, we think, the judgment must be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Nov. 28, 1883.