Nov. Term, 1858.

BURTON
v.
STEWART.

---

## BURTON *v.* STEWART and Another, Executors.

*Friday, December* 3.

APPEAL from the *Vigo* Court of Common Pleas.

PERKINS, J.—Suit by *Elizabeth Stewart*, as executrix, and *Alexander McGregor*, as executor, of the last will of *Matthew Stewart*, deceased, against *Stephen P. Cammack* and *John Burton*, upon a judgment of a justice of the peace—*Cammack* being the original judgment debtor, and *Burton* the replevin-bail.

After the death of *Matthew Stewart*, the original judgment plaintiff, proceedings were instituted, by the appellees, in this case, to revive the judgment in their names against *Cammack*. To those proceedings, *Burton*, the replevin-bail, appeared, and put in answers of payment, statute of limitations, &c., in behalf of *Cammack*, who

then resided in *Kentucky*. There was a trial of the issues upon these answers, and judgment of revivor, and award of execution, &c.

To the present suit, *Burton* now sets up the same defenses as were pleaded to the proceeding to revive, and asks a retrial of the same issues. He also makes one paragraph of his answer a cross-complaint, in the nature of a bill in chancery for a new trial, alleging newly discovered evidence, since the trial upon which execution, &c., was awarded.

These defenses were all held insufficient, and judgment was rendered for the plaintiffs below.

We think it clear that the defendant was concluded by the judgment of the justice on the trial to which he appeared, and that he cannot, in this action, relitigate the issues there determined. We think it also clear that his paragraph, if it was properly introduced in this suit, did not show that diligence, prior to the former trial, necessary to obtain a retrial of those issues. He alleges nothing that might not have been known and made available on the former trial, by an interview with *Cammack*. He admits that he then knew that *Cammack* resided in *Kentucky*, and the place of his residence.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. P. Usher*, for the appellant.