Nov. Term, 1859.

TOWNSEND
v.
THE STATE.

| 13 | 357 |
| 165 | 161 |

———————

TOWNSEND *v.* THE STATE on the relation of HOSHOUR.

Prosecution for bastardy. On the cross-examination of the relatrix, the defendant propounded to her the following interrogatory: "Did you ever, at any time prior to the time you say you were begotten with child by the defendant, have sexual intercourse with any one?" This question was objected to, and the objection sustained. *Held,* that there was no error.

The defendant, as one of the grounds of his motion for a new trial, filed his affidavit stating that since the trial he had discovered evidence material to his defense; that he can prove by *T.* that the grandmother of the complaining witness was at his house but once during the said month of *February,* and that was on the 27th and 28th days; that this was material, because the prosecuting witness swore positively that the child was begotten at the time her grandmother was at the house of *T.*; and that he can prove, and did prove on the trial, that he was not at the house of the prosecuting witness at the time above mentioned; that he did not know what *T.* would swear until the day after the trial, nor could he have known that it would be material on the trial to make such proof; that he never had intercourse with the prosecuting witness, and is not the father of the child. He also introduced the affidavit of *T.*, stating in substance that the grandmother of the prosecuting witness was not at his house in said month of *February,* except on the 27th and 28th days, which were *Friday* and *Saturday.* *Held,* that these affidavits were insufficient to authorize a new trial.

APPEAL from the *Decatur* Circuit Court.

WORDEN, J.—Prosecution for bastardy. Trial, conviction, motion for a new trial overruled, and judgment. The defendant appeals to this Court.

On the cross-examination of the relatrix, the defendant propounded to her the following interrogatory:

"Did you ever, at any time prior to the time you say you were begotten with child by the defendant, have sexual intercourse with any one?"

*Wednesday,*
*December 7.*

This question was objected to, and the objection sustained. It is not claimed that this question should have been answered for the purpose of showing that some person other than the defendant might have been the father of the child. It is admitted by counsel for the appellant, that for this purpose the question was too general, not being confined to the proper period of time.    But it is insisted that, as a physiological fact, pregnancy seldom occurs from the first intercourse, the witness should have been compelled to answer the question, in order that the jury might judge correctly touching her credibility in case she should answer the question negatively.

We shall not inquire into the physiological proposition advanced, as we consider the question entirely irrelevant to the issue involved.    The question before the jury was simply whether the defendant was the father of the bastard child with which the witness was pregnant.   Whether she had or had not some time previously in her life had sexual connection, was entirely immaterial.    We are not aware of any case where such a question has been permitted; on the contrary, the inquiry is always confined to a period of time that would render it not improbable that the person with whom such connection was had, might rightfully claim the paternity of the offspring.    *Vide* 1 Greenl. Ev., § 458, note 1.    This question has already been virtually decided by this Court.

In *Walker v. The State*, 6 Blackf. 1, it is said:  "The defendant asked a witness what she had heard the complainant say, if anything, about the complainant having had sexual intercourse with any other person than the defendant, at any other time than about the time the child was said to have been begotten.   This question was irrelevant, and, being objected to, was rightly overruled."

There was no error in the above ruling of the Court.

The evidence adduced upon the trial is not in the record, but the examination of the prosecuting witness before the magistrate is a part of the record, from which it appears that on such examination she testified that the defendant begot her with child on a *Saturday* in the month of *February*,

1857, from the middle to the last of the month—thinks it was near the last of the month—at the house of her grandmother, and while her grandmother was gone to one *Tanner's.*

The defendant, as one of the grounds of his motion for a new trial, filed his affidavit stating that since the trial he had discovered evidence material to his defense; that he can prove by *Franklin Tanner* that the grandmother of the complaining witness was at his house but once during the said month of *February*, and that was on the 27th and 28th days; that this was material, because the prosecuting witnes swore positively that the child was begotten at the time her grandmother was at the house of Mr. *Tanner;* and that he can prove, and did prove on the trial, that he was not at the house of the prosecuting witness at the time above mentioned; that he did not know what *Tanner* would swear until the day after the trial, nor could he have known that it would be material on the trial to make such proof; that he never had intercourse with the prosecuting witness, and is not the father of the child. He also introduced the affidavit of *Franklin Tanner*, stating, in substance, that the grandmother of the prosecuting witness was not at his house in said month of *February*, except on the 27th and 28th days, which were *Friday* and *Saturday*.

These affidavits, in our opinion, were entirely insufficient to authorize a new trial. Admit the main fact set forth in the affidavits to be true, viz., that the grandmother of the relatrix was only at the house of *Tanner* on the 27th and 28th days of *February*, and that the relatrix swore on the trial that the child was begotten at the time when her grandmother was thus at the house of *Tanner*. These facts have no tendency to show that the defendant was not at that time at the house of the relatrix or her grandmother, and that, therefore, he did not beget the child. To be sure he says, in his affidavit, that he can prove and did prove on the trial that he was not there at the time mentioned; but he does not even profess to have discovered any new evidence on that subject. We cannot see what bearing the facts alleged to have been discovered would have

Nov. Term, 1859.

in the case, as the evidence adduced upon the trial is not before us; and the fact that the evidence is not set out, has already been held a sufficient reason for overruling a motion for a new trial on the ground of newly discoved testimony.  *Swift* v. *Wakeman*, 9 Ind. R. 552.

Again, we think no sufficient diligence is shown.  The defendant says he did not know what *Tanner* would swear until after the trial; but no reason is shown why he could not have ascertained.  But he says he could not have known that it would be material to make the proof.  If such proof was material, we think the defendant, by the exercise of ordinary diligence, might have discovered its materiality.  The examination before the magistrate, fixing the time and place of the begetting of the child, and the fact that the grandmother of the witness was at the house of *Tanner*, was abundantly sufficient to indicate to the defendant the necessity of inquiring into the matters set up in his affidavit, if they were material to his defense.

The above are the only points relied upon to reverse the judgment, and they are insufficient.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Gavin* and *O. B. Hord*, for the state.