DUCK *v.* THE STATE, on the relation of DILL.

On the trial of a prosecution for bastardy, it appeared that the child was born on *September* 18, 1858. The defendant offered to prove that in the first week in *November*, 1857, the relator had had sexual intercourse with another man.

*Held*, That the testimony was rightly rejected.

Friday,
December 3.

APPEAL from the *Dearborn* Common Pleas.

PERKINS, J.—*Mary Jane Dill* caused a prosecution to be instituted against *Robert Duck*, for bastardy. *Mary* had given birth to her child. It was born on *September* 18, 1858; *December* 18, 1857, would have been nine months previous. On the trial, the defendant offered to prove that *Mary Jane* had had sexual intercourse with another person, in the first week of *November*, 1857.

We think the Court rightly rejected the evidence. It is true, experience proves that the period of gestation is almost as variable in individual cases, though within narrow limits, as that of the length of human life; but the longest

period we have ever known to be judicially allowed, was 313 days. See the case of *The Commonwealth* v. *Hoover*, Lewis' U. S. Cr. Law, p. 48. In the case at bar, the evidence proposed might have covered a period of 322 days.

*Per Curiam.*—The judgment is affirmed, with 10·per cent. damages and costs.

*D. S. Major*, for the appellant.