Ruddick's Adm'r *v.* Ruddick's Adm'r.

———◦◦◦———

RUDDICK's Adm'r *v.* RUDDICK's Adm'r.

PRACTICE—NEW TRIAL.—Where a party asks for a new trial on the ground of newly discovered evidence, he must set forth in his bill of exceptions the testimony which was submitted below, so as to enable the Court to determine whether the result would be changed by the new testimony, or whether the testimony would be merely cumulative.

APPEAL from the *Jackson* Common Pleas.

PERKINS, J.—There was suit in the *Jackson* Common Pleas. The plaintiff in that suit recovered a thousand dollars. The defendant made a motion for a new trial, which was overruled. The motion was based upon alleged newly discovered evidence.

After the trial, but within a year thereafter, the defendant filed his petition for a new trial on account of additional newly discovered evidence. The Court sustained a demurrer to the petition, and refused the new trial. The evidence heard on the original trial is not placed before this Court. How, therefore, can this Court say whether there ought to be a new trial or not? If the newly discovered evidence is merely cumulative, or would not change the result of the former trial, there ought not to be a new trial. How can this Court, while in ignorance of the evidence given on the former trial,

say what, in connection with that evidence, might be the effect of the newly discovered evidence, upon another trial. See the cases collected in Davis' Dig. p. 627. Also, *Cox* v. *Hutchings*, and *Glidewell* v. *Daggy*, at this term.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. J. Cummings*, for the appellants.

*R. Crawford*, for the appellee.