## Cowden v. Wade.

New Trial—Newly-discovered Evidence.—Where the record does not contain the evidence given on the trial, the Supreme Court will not hold the refusal of a new trial on account of newly-discovered evidence to be error; for it can not be known how far such newly-discovered evidence may be merely cumulative.

Same.—The statute requires more than the mere affidavit of the party in an application for new trial because of newly-discovered evidence.

APPEAL from the *Hamilton* Circuit Court.

Gregory, J.— *Wade* sued *Cowden* for seducing *Temperance Isena*, the wife of *Wade*.

The defendant, among other things, answered: "That on, etc., and on divers other days and times before the seduction charged in the complaint, the said *Temperance Isena* had illicit intercourse with *James Leters* and divers other persons, to the defendant unknown, with the knowledge and consent of the plaintiff."

To this the plaintiff replied by a general denial. This issue, together with others, was submitted to a jury; finding for the plaintiff; motion for a new trial overruled, and the defendant excepted.

The only "written cause, filed at the time of making the motion," was the affidavit of the defendant, which is in these words:

"*State of Indiana, Hamilton County, ss.*

"Isom Wade
     *v.*     } In the *Hamilton* Circuit Court.
Richard A. Cowden.

"*Richard A. Cowden,* being duly sworn, upon his oath, says that he can prove by *William V. Wheeler,* a resident of said county of *Hamilton,* that the said *Wheeler* had sexual intercourse with the wife of the plaintiff long before the seduction charged in the plaintiff's complaint; that he had such sexual intercourse with the said wife of the plaintiff at frequent times, and had same at the county of *Hamilton* and state of *Indiana,* with the knowledge and consent of said plaintiff; that he was not apprised of the fact that he could obtain such evidence as above stated until after the evidence in this case was submitted to the jury in part, so that he could not obtain and produce such evidence on the trial in this case, owing to the lateness of time in which he learned it. And further, he says that, with reasonable diligence, he could obtain such evidence at the next term of this court. And the defendant further says that he can not now produce the evidence of said *William V. Wheeler,* on account of the fact that the said *Wheeler* is now, and has been since this affiant learned of the above facts, absent from this county; and that owing to such absence he can not now file the affidavit of said *Wheeler,* the same being impossible because of the absence of said *Wheeler,* this affiant not having the privilege of seeing him.

"R. A. Cowden."

"*State of Indiana, Hamilton County.*

"The above-named affiant, being duly sworn, says the matters contained in the foregoing affidavit are true as he verily believes.    W. W. CONNER, *Clerk.*

"*March* 9, 1863.    By J. W. BROWN, Jr., *Deputy.*"

The statute provides for new trials for certain specified causes, among which is the following: "*Seventh.* Newly-discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial." 2 G. & H. 213, sec. 352.

It is further provided that "the application must be by motion, upon written cause, filed at the time of making the motion. The causes mentioned in the second, third, and seventh clauses of section 352 must be sustained by affidavit showing their truth." 2 G. & H. 215, sec. 355.

The evidence given on the trial in the court below is not set out in the bill of exceptions in the case at bar.

It has been repeatedly held by this court, that where the record does not contain the evidence given on the trial, the Supreme Court will not hold the refusal of a new trial on account of newly-discovered evidence to be error; for it can not be known how far such newly-discovered evidence was merely cumulative. *O'Brian* v. *The State,* 14 Ind. 469; *Townsend* v. *The State,* 13 Ind. 357; *Swift* v. *Wakeman,* 9 Ind. 552; *Sloan* v. *The State,* 8 Ind. 312; *Cones* v. *Ryman,* 9 Ind. 277. But it is proper to say that the affidavit is defective in not showing the diligence required by the statute above cited. The statute seems to require something more than the mere affidavit of the party in a motion for a new trial for newly-discovered evidence.

The Circuit Court committed no error in overruling the defendant's motion for a new trial.

The judgment of the Circuit Court is in all things affirmed, with ten per. cent. damages. Costs here.

*James O'Brien,* for appellant.

*D. C. Chipman,* for appellee.