# Superior Court Reports.

## IN GENERAL TERM, 1871.

JOHN C. BALDWIN, Appellee, *v.* GEORGE BIERSDORFER, ET
AL., Appellants.

Appealed from BLAIR, Judge.

*Assault and Battery—Aiding and Abetting—Conspiracy—*
*New Trial.*

Liability for *assault,* extends not only to persons committing the act, but as
well to those who are present, and encourage either its commission, or
its continuance.

Presence at the commission of an offense, and encouragement either by
words, signs, or gestures, or being sufficiently near, in pursuance of an
agreement to assist, is *aiding and abetting* in the commission of the
wrongful act.

Where the evidence discloses the presence of others in a situation to render
aid, the jury may determine whether such persons were not there for
the purpose connected with the assault, and from such circumstances
and facts, they may properly infer the formation of a *conspiracy* for its
commission.

A *new trial* will not be granted because of newly discovered evidence, where
it is *cumulative,* or to impeach a witness; nor for newly discovered
evidence, not cumulative, if such evidence would not probably produce
a different result on a new trial; nor where in support of motion for
new trial, is shown a manifest lack of diligence in obtaining the
evidence upon which the motion is based.

*James E. Heller* and *W. W. Leathers,* for appellants.

*Test, Burns & Wright,* for appellee.

RAND, J.—This was a suit by John C. Baldwin against Charles Wridt and six others for an alleged assault and battery upon him.

The case was tried at Special Term, and there was a verdict and judgment over motion for new trial, against all the defendants (except Hugh, as to whom plaintiff dismissed) for $1,000, and the defendants Biersdorfer, Bruner and Koerner appeal to General Term, and seek a reversal of the judgment against them.

The appellants urge two grounds for a reversal of the cause—

1.　That the Court erred in its charge to the jury.

2.　That the verdict is contrary to the evidence.

3.　And Biersdorfer and Koerner further urge that a new trial should have been granted them on the grounds of newly discovered evidence.

The evidence is in the record, and proper exceptions were taken at the time.

*First*—Did the Court err in its charge to the jury?

The charge complained of is as follows:

1.　If you find from the evidence that any one or more of the defendants assaulted the plaintiff, and by beating, striking or kicking him, inflicted any injury upon his person, the plaintiff will be entitled to recover; and if you find that the plaintiff was assaulted and injured by any one or more of the defendants, and others of the defendants were present, aiding or abetting in the commission of the assault, or its continuance after it had been commenced, the plaintiff will be entitled to recover against the person so engaged in the assault, as well as against those so aiding and abetting.

2.　By the terms aiding and abetting is meant those who are present at the commission of the injury, and who, by words, signs or gestures encouraged the perpetration of the wrongful act; or who assist and co-operate in the commission of the same; or being present or near at hand in pursuance

of a previous agreement with the person or persons making the assault, ready to assist in the commission of the wrongful act, if the same should become necessary.

It is admitted in argument that the above charge is a correct exposition of the law in a proper case, but it is urged that there was no proof of a conspiracy, and that hence the charge misled the jury.

We have carefully examined the evidence, and whilst we find no positive evidence of a conspiracy, yet there were facts and circumstances proven before the jury, from which they might properly infer such a conspiracy; and we conclude there was no error in the charge.

*Second*—Is the verdict of the jury contrary to the evidence?

There was evidence before the jury tending to show that each of the appellants participated in the assault upon plaintiff, and whilst we find evidence tending to the contrary, there was no such want of evidence to sustain the verdict as to call upon us to reverse the case. The facts were properly submitted to the jury, and according to well established principles we should not interfere with the verdict.

*Third*—Did the Court err in overruling the motion for a new trial, as to Biersdorfer, and Koerner, because of newly discovered evidence?

It is a well settled principle of law, that a new trial should not be granted because of newly discovered evidence, when it is *cumulative*, or to impeach a witness, nor for newly discovered evidence, not *cumulative*, if such evidence *would not produce a different result* on a new trial.

All the affidavits on the part of Koerner, and all but three on the part of Biersdorfer are merely *cumulative*, and therefore no new trial should be granted on account of such newly discovered cumulative evidence. See *Fox* v. *Reynolds*, 24 Ind., 46, and *Jackson* v. *Sharpe Adm'r*, 29 Ind., 167.

Biersdorfer on the trial attempted to prove an *alibi*, and his newly discovered cumulative evidence is for the purpose of

more clearly proving the *alibi.* The affidavit of one Myers is filed, who says that he was in the employ of Biersdorfer, in his saloon, on the 31st of January, 1871, and that Biersdorfer was with him from 5 o'clock P. M. until 11 o'clock P. M. of that day. If Biersdorfer in good faith relied upon an *alibi,* it seems to us that the very first thing he would have done on the trial would have been to have introduced the witness he *knew* was engaged with him in the saloon during the difficulty in which he was sought to be implicated, and who could have established his defence. He knew before the trial that they were employed together, and that Myers could prove his *alibi,* if such was the fact, and did not need to wait until Myers should communicate the information to him. It throws a suspicion over his defence. Such work of dilligence should not be encouraged, and if Myers' evidence was not *cumulative,* there is such a manifest lack of diligence that a new trial should not be granted for that reason.

It is urged for Biersdorfer, that the affidavits of Enos B. Chives, Thomas F. Brown and H. S. Stumph are not entirely cumulative.

The portion of Chives' affidavit relied upon as not *cumulative,* is as follows : " That plaintiff replied that the defendant, George Biersdorfer, was good—that he was worth about $3,000, and that he would have to be responsible for the balance, meaning the other defendants in said suit; that he, said plaintiff, had nothing against said defendant Biersdorfer."

Brown swears, " Said plaintiff further said that said Biersdorfer had about $3,000 in property, and he would hold him for that." " Stumph swears that plaintiff told him that he had nothing against said Biersdorfer."

Now it seems from these affidavits that these statements were made after plaintiff had sued Biersdorfer as one of the parties who made the assault upon him. What did plaintiff mean when he said he had nothing against Biersdorfer?

Baldwin *v.* Biersdorfer et al.

Did he mean he had no cause of action against Biersdorfer? Or did he mean he had no malice, or ill will against him? If he meant the former, then we admit the evidence would be very important, but if the latter, it would hardly be worth consideration.

He had sued Biersdorfer, and said he was relying on his solvency to make any judgment he might recover against defendants, and it would be unreasonable to construe his language that he had no cause of action against Biersdorfer; and without that construction it is unimportant.

The further statement that Biersdorfer was worth $3,000, and he would have to be responsible for the other defendants, is not of such importance as to justify the Court in believing that it would give such preponderance in favor of Biersdorfer as that a new trial would result in his favor. He simply stated a correct proposition of law, if Biersdorfer was guilty, and his statement is not entitled to such legal consequences.

The judgment of the Special Term is affirmed.

NOTE.—If a conspiracy be proved, and a presence, in a situation to render aid, it is a *legal presumption* that such presence was with a view to render aid, and it lies on the party to rebut it by showing that he was there for a purpose unconnected with the conspiracy. 9 *Pick.*, 496. See also 1 *Cr. C. C.*, 164.

The jury may consider from the evidence whether the defendant was engaged in the alleged conspiracy, and had combined with others for the same illegal purpose. 10 *Pick.*, 497, and see *Roscoe Crim. Ev.*, 6th Am. Ed., Note 1, *on page* 88.

*Contra in felony*, where it is necessary, in order to make him an aider or abettor, that he should do, or say something showing his consent to the felonious purpose, or contributing to its execution. 9 *North C.*, 440; *Foster Cr. Law*, 350; 1 *Hale*, 439, 615.

One who incites others to commit an assault and battery is guilty, and may be punished as a principal if the offense be actually committed, though he did not otherwise participate in it. 1 *Brevard*, 397. See also 1 *Leading Crim. Cases*, 149, *Note.*

Baldwin *v.* Biersdorfer et al.

Where several persons are in company together, engaged in one common purpose, lawful or unlawful, and one of them, *without the knowledge or consent* of the others, commits an offense, the others will not be involved in his guilt, unless the act done was in some manner in furtherance of the common intention—*Roscoe Crim. Ev., 6th Am. Ed*, 164, *and authorities cited*—but if in pursuance of a common design, each takes the part assigned him, all are equally guilty. 1 *Russ. on Cr., 8th Am. Ed.*, 27, *and cases cited.*

As to how far an aider and abettor must be *present* at the commission of the crime, see *Russ., on Cr., 8th Am. Ed.*, 508 *et seq.*

When several defendants are tried at the same time for a misdemeanor, and some are acquitted and others convicted, the Court may grant a new trial as to those convicted, if they think the conviction improper. 6 *T. R.*, 619; 5 *E. C. L. R.*, —.

The party seeking a *new trial* on the ground of newly discovered evidence must show that the evidence is not merely cumulative: that it was discovered after the trial: that there was no want of diligence to procure the same. 10 *Ind.*, 3.

When evidence is merely cumulative a *new trial* will not be granted. 5 *Ind.*, 250; 6 *Ind.*, 474.

Newly discovered evidence, to warrant a *new trial*, must be such as could not have been obtained on the trial had by reasonable diligence, and must not be merely cumulative. *State ex rel Drulinter v. Clark*, 16 *Ind.*, 97, 102.

A *new trial* is seldom, if ever, granted on account of newly discovered evidence, for the purpose of impeaching the character of a witness. 6 *Blackf.*, 496; 2 *Ind.*, 608; 4 *Ind.*, 492; 22 *Ind.*, 165; 29 *Ind.*, 167.

A *new trial* will not be granted for newly discovered evidence, where, with due diligence, the party might previously have had the benefit of the evidence. 1 *Blackf.*, 367; 6 *Blackf.*, 496; 2 *Ind.*, 117; 4 *Ind.*, 540; 10 *Ind.*, 451; 11 *Ind.*, 238, 541; 13 *Ind.*, 357; 23 *Ind.*, 471.

See Hilliard on *New Trials.*