### SANDERS HARSH ET AL. v. HENRY M. KEGLEY.

1.   *New Trial on Newly Discovered Evidence—Appeal.*—The decision of a lower court will not be reviewed, in refusing to grant a new trial on the ground of newly discovered evidence, unless the evidence on which the cause was decided is presented by the record.

Filed April 2, 1881.

Appeal from Owen.

Inman H. Fowler, for appellants.

Franklin & Pickens, for appellees, cited 14 Ind. 469; 13 Ind. 357; 9 Ind. 522; 8 Ind. 312; 9 Ind. 227; 21 Ind. 219; 5 Ind. 250; 6 Ind. 474; 9 Ind. 552; 42 Ind. 169; 39 Ind. 242, as to cumulative evidence; and 41 Ind. 201; 24 Ind. 347; 22 Ind. 383; 18 Ind. 434; 22 Ind. 358; 21 Ind. 95; 25 Ind. 286, as to embracing evidence in the record.

Opinion of the court by Mr. Chief Justice Niblack.

Action by Henry M. Kegley against Sanders Harsh and Taylor Repass for the purchase money of real estate.

The complaint charged that the plaintiff had sold to the defendants lot No. 18 in block No. 3 in Gibson's addition to the town of Spencer, for the sum of four hundred and seventy-five dollars; that the plaintiff had tendered a deed to Harsh, to whom, by the terms of the contract, the deed was to be made, and that the defendants had failed and refused to perform their part of the contract. The enforcement of a vendor's lien as a part of the judgment was demanded.

The defendants severed in their defenses and the cause was tried by the court.

The court found that the defendants were indebted to the plaintiff in the sum of $240.34, and that the amount so found to be due the plaintiff, ought to be decreed to be a specific lien on the lot described in the complaint.

The defendants moved for a new trial upon the ground of newly discovered evidence in support of one of the paragraphs of Repass' answer, but their motion was overruled and judgment was rendered in favor of the plaintiff in accordance with the finding of the court.

The appellants urge as a cause, and as the only cause, for a reversal of the judgment, the refusal of the court to grant a new trial for the alleged newly discovered evidence.

But the evidence given upon the trial is not in the record, and following a well established line of decisions by this court, we can not review the action of the court below in refusing to grant a new trial for newly discovered evidence where the evidence upon which the cause was decided is not in the record. *Clark* v. *The State*, 68 Ind. 17; *Sanders* v. *Loy*, 45 Ind. 229; *McDaniel* v. *Mattingly*, at the present term.

The newly discovered evidence may have been merely cumulative, or it may have been comparatively, if not quite, immaterial when considered in connection with the evidence which was before the court. These are matters of which this court can only judge when the evidence given in the cause is in the record.

The judgment is affirmed with costs, and five per cent. damages.