Filed June 10, 1892.

———◆———

No. 644.

STATE, EX REL. PICKLE, *v.* PHILLIPS.

BASTARDY.—*Evidence of Intercourse With Other Men.— When Inadmissible.—* Where in a prosecution for bastardy, it was proved without any contradiction that the child was born on the 15th of January, a fully developed nine-months' child, it was error to permit evidence to be introduced to show that the relatrix had had sexual intercourse with men other than the defendant in the latter part of the preceding May. Such evidence must be confined to about the time when the child was begotten.

From the Knox Circuit Court.

*W. A. Cullop, C. B. Kessinger* and *O. H. Coff,* for appellant.

*J. S. Pritchett,* for appellee.

BLACK, J.—The appellee was prosecuted for bastardy, and a verdict was rendered in his favor. The appellant's motion for a new trial was overruled.

The relatrix, who had never been married, testified that the child was begotten by the appellee on the night of the 15th of April, 1887, detailing the circumstances, and that

the appellee had sexual intercourse with her only that one time.    He testified that he never had sexual intercourse with her.

The relatrix, on cross-examination, being asked, over objection, if she did not have sexual intercourse with three men named, on the 28th of May, 1887, answered that she did not.

Each of said three men, testifying on behalf of the appellee, was permitted, over the objection of the appellant, to testify that he, the witness, had sexual intercourse with the relatrix on the night of the 28th of May, 1887.

It is insisted for the appellant that the court erred in permitting these three witnesses to so testify.

It had been proved, without any contradiction, that the child was born on the 15th of January, 1888, a fully developed nine-months' child, a boy, and that he was still living.

The relatrix, on cross-examination, admitted that she had stated upon her examination before the justice of the peace, that the child was begotten about the middle of May, 1887; but she said that on that examination she was mistaken as to the date; that she was so excited that she did not know what she was doing; that she was agitated; that it was the first trial at which she ever was a witness, and that she was scared.

Upon cross-examination before the justice she was asked if she claimed it was an eight-months' child, and she answered that it was not.

Her testimony in the court below as to the time at which the child was begotten was consistent with the uncontradicted evidence as to the condition of the child at its birth.

In such a case, evidence of sexual intercourse between the relatrix and other men than the defendant about the time the child was begotten is admissible.

In the admission of such evidence regard must be had to the time when the child was born and its condition at birth.

If it can not tend to prove that some person other than the defendant may be the father of the child, it is inadmissible.

In consideration of the proof as to the date of the birth of the child and as to its condition at birth, and the want of evidence, introduced or proposed, that the child was born at a later date or that the birth was premature, we are of the opinion that the court erred in the admission of the evidence in question. *Walker* v. *State, ex rel.,* 6 Blackf. 1; *Hill* v. *State,* 4 Ind. 112; *Townsend* v. *State, ex rel.,* 13 Ind. 357; *O'Brian* v. *State, ex rel.,* 14 Ind. 469; *Duck* v. *State, ex rel.,* 17 Ind. 210; *Whitman* v. *State, ex rel.,* 34 Ind. 360; *Kintner* v. *State, ex rel.,* 45 Ind. 175; *Cunningham* v. *State, ex rel.,* 65 Ind. 377; *Benham* v. *State, ex rel.,* 91 Ind. 82; *Ronan* v. *Dugan,* 126 Mass. 176; 2 Am. and Eng. Encyc. of Law, 151, 155–6; 2 Greenl. Ev., section 152.

The judgment is reversed, and the cause is remanded for a new trial.

