## COOPER *v.* BARTLETT ET AL.

[No. 18,490.   Filed March 16, 1898.]

From the Henry Circuit Court.   *Affirmed.*

*James Brown* and *William A. Brown,* for appellant.

*Mark E. Forkner* and *John M. Morris,* for appellees.

HACKNEY, J.—This was a suit by the appellant to rescind, for fraud and false representation, a contract under which the appellant purchased from the appellees a certain horse, and, in payment therefor, executed to the appellees his promissory note.

The only question urged for the reversal of the judgment of the circuit court is upon the overruling of appellant's motion for a new trial on the ground of newly discovered evidence. An objection to our entering upon a consideration of the question is made because of the contention that the evidence introduced at the trial is not in the

record. The record discloses the filing, in the office of the clerk of the lower court, on the 19th day of August, 1896, of the longhand manuscript of the evidence and the bill of exceptions containing said manuscript.

It was frequently decided, before the act of March 8, 1897 (Acts 1897, p. 244), that the burden rested upon the appellant to show that the longhand manuscript was filed in the clerk's office before it was incorporated in and filed as a part of the bill of exceptions, and that a showing that the manuscript and the bill were filed on the same day, although the entry of filing first mentioned the filing of the manuscript, was not sufficient. *Hamrick* v. *Loring*, 147 Ind. 229; *Tate* v. *Hamlin*, 149 Ind. 94; *Yellow-Hammer, etc., Co.* v. *Carlin*, 148 Ind. 68; *Citizens' Street R. R. Co.* v. *Sutton*, 148 Ind. 169. The evidence is not, therefore, properly in the record.

Without the evidence given upon the trial, the evidence claimed as newly discovered cannot be considered, since there is no means of knowing that it is not cumulative, or that the result would probably be changed by it. *Ruddick's Admr.* v. *Ruddick's Admr.*, 21 Ind. 163; *Sanders* v. *Loy*, 45 Ind. 229; *Harsh* v. *Kegley*, 72 Ind. 398. The question urged for reversal not being properly in the record, the judgment of the trial court is affirmed.