## STATE, EX REL. NUSSEAR, *v.* BREEDEN.

[No. 6,311. Filed March 10, 1908.]

1. BASTARDY.—*Evidence.—Opportunity.—Presumptions.—* Unlawful sexual intercourse cannot be presumed from mere opportunity. p. 371.
2. EVIDENCE.—*Time of Sexual Intercourse.—Bastardy.*—Evidence as to the times of alleged sexual intercourse must be confined, in bastardy cases, to about the time of conception. p. 372.
3. BASTARDY.—*Evidence.—Reputation for Morality.*—A defendant who admits continuous acts of sexual intercourse with relatrix about the time of conception, cannot escape liability in a bastardy case, merely because the reputation of the relatrix for morality is bad. p. 372.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Prosecution by the State of Indiana, on the relation of Ezza M. Nussear, against Alonzo Breeden. From a judgment for defendant, the State appeals. *Reversed.*

*Samuel R. Lambdin, Bayless Harvey* and *W. H. Voyles,* Prosecuting Attorney, for the State.

*Arthur McCart,* for appellee.

ROBY, C. J.—Complaint for bastardy, trial without a jury, finding and judgment for defendant, motion for new trial overruled. The State appeals. Errors relied upon are presented by the assignment that the court erred in overruling the motion for a new trial.

The relatrix testified that she had intercourse with the defendant in August, 1904, and that he then promised to marry her; that she went to Mitchell on July 4, 1905, was with defendant all afternoon, had intercourse with him twice, and that the child was then begotten; that she subsequently had intercourse with him in July, August and September, and told him of her pregnancy. She further testified: "I asked him if he intended to marry me and he said he did." She was twenty years old, and a washerwoman. Various witnesses testified to having seen the parties at Mitchell on the day named, and a witness testified that about two months later appellee told him that the relatrix went to Mitchell with another man, naming him, but that he (appellee) took her away from him, and went out and had intercourse with her twice. The child was born March 16, 1906. The relatrix and her mother testified that on Monday preceding the birth the relatrix fell down some steps, began to complain, and continued to do so until the child was born. To oppose this evidence the defendant introduced four witnesses who testified to the "general reputation of the relatrix in the neighborhood where she lives for morality." Three of them said it was bad and one said it was good.

The defendant testified, and did not deny that he was the father of the child, nor did he controvert any other part of the testimony of the relatrix, but contented himself with stating that William Stalcup told him in July, 1905, that he (Stalcup) had connection frequently with the relatrix, the appellee further testifying: "I told him [Stalcup] I had sexual intercourse with the relatrix on July 4, 1905." Stalcup denied making such statement in any form.

Norman Bird testified, over objection, that he saw the relatrix alone with a person named at the lower sulphur spring in Paoli in February, 1905. Unlawful sexual intercourse is not presumed from mere opportunity (*Walker* v. *State, ex rel.* [1905], 165 Ind. 94), while intercourse with others than

the defendant must be limited to about the time when the pregnancy began. (*State, ex rel.,* v. *Phillips* [1892], 5 Ind. App. 122). The court therefore erred in overruling the objection to this testimony.

There is no evidence in the record supportive of the finding. A defendant who admits intercourse at the time the relatrix testifies the child was begotten, who does not deny continued commerce with her, both before and after that time, accomplished by a promise of marriage repeated after the fact of pregnancy is known to him, cannot escape liability for the support of the child by proof that the reputation of the relatrix for morality in the neighborhood where she lives is not good.

The judgment is reversed, and the cause is remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings.