McCoy et al. *v.* Purcell et al.

[No. 22,967. Filed December 17, 1915.]

1. Appeal.—*Review.*—*Finding.*—*Conclusiveness.*—A finding that the note sued on had been fully paid, having some evidence to support it, can not be disturbed on the ground that it is not supported by sufficient evidence and is contrary to law. p. 155.

2. New Trial.—*Refusal.*—*Newly-Discovered Evidence.*—A new trial upon the ground of newly-discovered evidence is properly refused where such newly-discovered evidence is merely cumulative or impeaching in character, and not such as likely to produce a different result. p. 156.

From Spencer Circuit Court; *Emory L. Boyd,* Special Judge.

Action by Jennie McCoy and others against Belle Purcell and another. From a judgment for defendants, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Elbert M. Swan, Wm. C. Mason, Alvin H. McCoy* and *Harlan B. McCoy,* for appellants.

*Smith & McCullough,* for appellees.

Lairy, J.—This is a suit on a note and to set aside an alleged fraudulent conveyance of real estate made by defendant, Belle Purcell, to her codefendant, A. L. Purcell. To plaintiffs' second paragraph of complaint upon which the case was tried, defendants filed an answer of payment, and upon a trial before the court a finding was made in favor of defendants on the note with judgment accordingly.

The only error properly assigned is the action of the trial court in overruling appellants' motion for a new trial, such motion being based upon the grounds of newly-discovered evidence, and that the

finding of the court was not sustained by the evidence and was contrary to law.

It appears from the evidence that the note in question was executed by Belle Purcell on September 14, 1902, in the amount of $110, due one day after date, with legal interest, to H. W. McCoy, administrator, under whom appellants claim. Under the answer referred to, defendant, Belle Purcell, testified that at various times she had made payments on this note amounting to ten in number, that receipts were given her at these times, but that they were finally returned to Hugo McCoy, one of the plaintiffs, that she was unable to give the exact time of these payments, and could only state their approximate amounts, but that at the last payment, which was $10, Hugo McCoy determined that amount by deducting the sum of the receipts previously given from $110. Appellants claim that the highest estimate of the said defendant's approximated payments as testified to by her would total only $110, and that as the note included interest, evidence of the payment of $110 would not sustain the finding that the note was paid in full. As to whether the trial court would be justified in inferring a payment which would discharge the note in suit from evidence of the character just related need not be decided. This witness further testified that Hugo McCoy told her at the time of the last payment that everything was paid in full and that he would send her the note as soon as he went home. Defendant, A. L. Purcell, testified that he had a conversation with Hugo McCoy after the time of the alleged payment; that he had asked him about his sister's receipts and that McCoy said that he had carelessly failed to return the note but would send it as he had promised, and that it had all been paid. This is some evidence to sustain the finding on the

issue of payment and appellants' point is not well taken.

The newly-discovered evidence which appellants claim entitled them to a new trial was not of such a character as likely to have produced a 2. different result even though believed. Evidence was introduced at the trial to the effect that a conversation and settlement, was had between Hugo McCoy and one of the defendants at a certain store in Chrisney, Indiana, and appellants state in their motion that upon a new trial they would be able to prove by a certain witness that this conversation and settlement occurred in another store at that place. Appellants also stated in their motion that upon a new trial they would be able to prove that the defendant, Belle Purcell, held a certain policy of insurance upon her life in the year 1903, and that on the trial defendants testified that she did not hold such insurance. Appellants' newly-discovered evidence is merely cumulative in character or of an impeaching nature. The trial court properly overruled the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 110 N. E. 658. On cumulative evidence generally, see 14 L. R. A. 609. As to what is cumulative evidence within the rule excluding it when offered as newly-discovered evidence in support of motion for new trial, see Ann. Cas. 1913 D 157. See, also, under (1) 3 Cyc 360; (2) 29 Cyc 911, 918.