FIDELITY AND CASUALTY COMPANY ET AL. *v.* SINCLAIR REFINING COMPANY.

[No. 12,636. Filed April 22, 1927. Rehearing denied June 10, 1927. Transfer denied February 19, 1932.]

*Bomberger, Peters & Morthland, Crumpacker Brothers, G. M. Weichelt, Glen D. Peters* and *Grant Crumpacker,* for appellants.

*Fred G. Lisius* and *George E. Hershman,* for appellee.

NICHOLS, J.—Action by appellee against appellants, wherein, after special findings and conclusions of law in favor of appellee, judgment was rendered thereon against appellants for $2,350.63. The errors assigned that we need to consider relate to the conclusions of law. It appears by the findings that appellant paving company held a contract from the State Highway Commission for the building of a concrete road upon portions of a certain public highway in Lake County, commonly called "The Lincoln Highway," and appellant, Fidelity & Casualty Company, signed a bond as surety, with the paving company as principal, guaranteeing the performance by the latter of its said contract for the construction of the said highway. This bond was a statutory bond, in form as prescribed by statute, to be given by contractors upon contracts awarded them by the State Highway Commission. Appellee furnished oil, grease and gasoline to a subcontractor of the said paving company, to be used, and which was used, in connection with the operation of trucks in hauling materials from points where they were prepared to the said highway, where they were to be used in the construction of the same. Charles A. Matlock, the subcontractor mentioned above, had taken a contract from the paving company to do all the hauling of slag, stone, sand and cement required by the original contract, in which contract he agreed to indemnify and save and keep harmless the paving company from any actions, and from any and all claims for

damages, costs or other expenses which might be made upon it by reason of operation of his trucks, or by reason of any of the work being done by him, including all claims for compensation or for personal injuries by employees or the public, and agreed to carry sufficient compensation insurance and public liability insurance under the terms of which the paving company would be fully protected. The subcontractor also agreed to furnish the paving company a good and sufficient surety bond in the sum of $7,000 for the faithful performance of his work and for the payment of "all labor and machinery," etc., used or expended in the doing of the job, of every nature and kind.

The bond executed with the National Surety Company as surety was conditioned: "That if the above bounden principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said principal kept, done and performed at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee, all loss and damage which said obligee may sustain by reason of failure or default on the part of said principal, then this obligation shall be void; otherwise to be and remain in full force and effect." This last-mentioned bond is not a statutory bond. In effect, the action is double. One is upon a statutory bond given by the principal contractor, appellant paving company, with the appellant casualty company as surety, and one upon a nonstatutory bond given by Charles A. Matlock with appellant National Surety Company as surety.

It is to be observed that there is no contractual provision in the bond executed by Matlock as principal and appellant National Surety Company as surety in favor of appellee, nor of any party other than appellant paving company. On the face of the

bond, it does not appear that there was any privity of contract between appellee and appellant surety company or any intended right of action in favor of appellee, and this is certainly necessary in order that appellee may maintain its action against appellant surety company for the breach of its bond. *Reed* v. *Adams, etc., Wire Works* (1914), 57 Ind. App. 259, 106 N. E. 882; *Reynolds* v. *Louisville, etc., R. Co.* (1895), 143 Ind.. 579, 40 N. E. 410; *Irwin's Bank* v. *Fletcher, etc., Trust Co.* (1924), 195 Ind. 669, 145 N. E. 869, 146 N. E. 909.

Even if it were conceded that the bond was made and intended for the benefit of third parties, there is no provision in either the bond or the contract for the payment for "materials"; the only provision being one in the contract for the payment for labor and machinery. We are clear that there can be no recovery by appellee against appellant surety company, under the terms and stipulations of the subcontractor's contract and bond.

Appellant casualty company states as one of its propositions that the materials upon which this action is based being oil, grease and gasoline used in the trucks of the subcontractor, and not materials furnished in the construction of the highway, they cannot give a right of action against the surety of the principal contractor. But appellant casualty company fails to support this proposition by any authority or by argument. Nothing is thereby presented that requires us to examine and determine any matter in relation thereto. *Chicago, etc., R. Co.* v. *Barnes* (1894), 10 Ind. App. 460, 38 N. E. 428; *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541; *Liggett* v. *Firestone* (1885), 102 Ind. 514, 26 N. E. 201.

Appellant casualty company contends that no notice of any sort was served upon it by appellee, nor that any statement of the amount due was served upon it within

one year after the acceptance of the highway by the State Highway Commission, and that hence there can be no recovery by appellee against it. The statute upon which such appellant bases its contention is §18 of the State Highway Commission Act, Acts 1919, p. 119, being §8285 Burns 1926, which provides, so far as here involved, that: "Any person, firm or corporation to whom any money shall be due on account of having performed any labor or furnished any material in the construction of such highway, within one year after the acceptance thereof by the duly authorized board of officers, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation." It appears by the special findings that the work for which the materials in question were used was completed in the month of September, 1921; the materials not being paid for, appellee furnished appellant casualty company a notice in writing of its claim on November 7, 1921; appellant paving company did not receive its final estimate until March 7, 1922. It does not appear by the findings that appellant casualty company was in any way injured because of the fact that it did not receive any other notice of Matlock's default in payment than the one on November 7, 1921. To the contrary, it does appear that this information was received by the casualty company four months before the paving company received its final estimate, in ample time for the casualty company to have taken steps to protect its interests. It is manifest that the provisions of the statute above quoted are for the benefit of sureties, and when the notice given serves the purpose of the statute, the surety may not complain of technical irregularities. *Illinois Surety Co.* v. *Huber* (1914), 57 Ind. App. 408, 413, 107 N. E. 298; *Heffernan* v. *U. S. Fidelity, etc., Co.* (1905), 37 Wash. 477, 481, 79 Pac. 1095; *Community*

*Bldg. Co.* v. *Maryland Casualty Co.* (1925), 8 Fed. (2d) 678; *Young* v. *The Orpheus* (1874), 119 Mass. 179, 185.

It does not apepar by the findings as to when the work was formally accepted by the highway commission, but, whether the notice or statement was before or after the acceptance, if it was within one year after the acceptance, the requirements of the statute were fulfilled. We determine nothing as to the rights and liabilities of appellants between themselves, as such question is not presented in this appeal.

The judgment is affirmed as to appellant Fidelity and Casualty Company, and reversed as to appellant National Surety Company, with instructions to restate the conclusions of law as to such National Surety Company in harmony with this opinion.

Dausman, J., absent.

### ON PETITION FOR REHEARING.

NICHOLS, J.—Appellant Fidelity & Casualty Company's authorities to support its proposition that there can be no recovery against it for the materials furnished upon which the action is based, being oil, grease and gasoline used in the trucks of the subcontractor and not material that became a part of the highway, are each and all of them authorities from other states and are not in harmony with the rule as announced by this court.

See *Federal Paving Co.* v. *Raschka* (1923), 82 Ind. App. 416, 141 N. E. 644; *Title Guaranty, etc., Co.* v. *State, ex rel.* (1915), 61 Ind. App. 268, 279, 109 N. E. 237, 111 N. E. 19; *Smiley* v. *State, ex rel.* (1915), 60 Ind. App. 507, 512, 110 N. E. 222; *National Surety Co.* v. *Foster Lumber Co.* (1908), 42 Ind. App. 671, 85 N. E. 489.

Petition for rehearing denied.

Dausman, J., absent.