MORTON *v*. STATE OF INDIANA.

[No. 26,181. Filed November 19, 1935.]

*Frank R. Miller, Hovey C. Kirk* and *R. W. Armstrong,* for appellant.

*James M. Ogden,* Attorney-General, and *Harry Taylor,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was jointly indicted with nine other persons, for the crime of conspiracy to commit a felony. The felony charged was that of setting explosives upon the premises and buildings of one James S. Miller. See secs. 2282 and 2442, Burns 1926, §§9-1618 and 10-305, Burns 1933, §§2275 and 2434, Baldwin's 1934.

Appellant entered a plea of not guilty after his motion to quash had been overruled. A jury trial was had which resulted in a verdict of guilty, and judgment was entered, imposing a fine of five thousand dollars and imprisonment for a term of from two to fourteen years.

Appellant filed his motion for a new trial and afterwards filed his supplemental motion for a new trial, both of which were overruled by the court.

Two errors are assigned as follows: (1) The court erred in overruling appellant's motion to quash the indictment. (2) The court erred in overruling appellant's motion for a new trial.

The first assigned error is waived by appellant, as he nowhere in his brief points out any error in the indictment or discusses this alleged error in any manner. *Klink* v. *State* (1932), 203 Ind. 647, 179 N. E. 549; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593; *Fidelity & Casualty Co.* v. *Sinclair Ref. Co.* (1933), 94 Ind. App. 92, 156 N. E. 169. The only assigned error discussed by appellant in his brief relate to the overruling of his motion for a new trial.

Appellee questions the sufficiency of appellant's brief to present any question to this court for consideration.

We learn from the record in this case that the jury returned its verdict of guilty on November 30, 1931, and on the same day the court rendered judgment. Appellant filed his motion for a new trial on December 21, 1931. On January 18, 1932, being the 7th judicial day of the following term and more than 30 days after judgment and verdict appellant filed his supplemental motion for a new trial over the objections of appellee on the ground of newly discovered evidence. On January 20, the court overruled appellant's motion for a new trial and also overruled appellant's supplemental motion for a new trial.

Appellant's motion for a new trial contains one hundred eighteen separate reasons, but only three are discussed in his brief and these relate to: (1) Certain statements made by one alleged co-conspirator after the commission of the alleged crime; (2) Certain remarks made by the special prosecuting attorney in his opening remarks to the jury; (3) Certain remarks made by the court in the presence of the jury during the trial.

Appellant's supplemental motion for a new trial was for newly discovered evidence. Following the trial of appellant, one "Dink" Bolin, named in the indictment herein as a co-defendant in the conspiracy, entered a plea of guilty, and was examined at great length by the court and counsel on both sides, in which examination he stated that he, Bolin, and one Thomas Sharp were the persons who placed, arranged, and exploded the dynamite and blew up the property of James S. Miller as charged in the indictment, and that there was no prior conspiracy between him and Sharp and appellant or any of the co-defendants, concerning the commission of the alleged crime. In support of his supplemental motion for a new trial on the ground of newly discovered evidence, appellant filed Bolin's examination in full and also the examination of said Sharp, he having been

indicted in the meantime jointly with two other named persons, and arrested, and, after entering a plea of not guilty, withdrew his plea and entered a plea of guilty to the offense, and whose statement was in substance the same as Bolin's, and also the affidavit of both Bolin and Sharp to the same general effect.

Appellee insists that appellant's brief presents no question for the consideration of this court. Appellant's brief is divided into ten parts. Appellee does not question the first four parts of appellant's brief so we do not need to review them in this opinion. In the fifth part of the brief of appellant, and under the heading of "Statement of so much of the record as presents the errors and exceptions relied upon," we find: under (1) "Motion for new trial," appellant's motion for a new trial in full; under (2) "Defendant's Supplemental Motion for New Trial" appellant's supplemental motion for a new trial set out in full; under (3) "Instructions" we find all the instructions, followed by a showing that a bill of exceptions containing the instructions was properly filed, and that exceptions to certain instructions given and refused had been reserved. In part six, under the heading "The Evidence," appellant sets out in narrative form the direct testimony of Virgil May only. In part seven, under the heading "Errors of the Court," appellant says "In permitting Sanford A. Trippett, the Special Prosecuting Attorney, to make the following statement in the presence of the jury in his opening statement." This is followed by six different statements of certain remarks made by the prosecuting attorney which appellant contends constituted reversible error. The other statement relates to a remark made by the court. Part eight, under the heading "Errors of the Court," appellant sets out four different statements of the court which he claims were objectionable, but failed to show that any objections were made to these remarks or that they have been brought into the record by any

bill of exceptions. Part nine of appellant's brief is his "Points and authorities." Under this heading he states, "A. Declarations of a co-conspirator made after the termination of the conspiracy are inadmissible and are sufficient to reverse the cause." To this proposition he cites two authorities. Under "B," he states that the remarks of the court were prejudicial to the defendant. Under "C," "D," "E," and "F," he affirms that the confession of Bolin and Sharp shows the appellant to be innocent and a new trial should be granted. Under "G," he again asserts that certain evidence given at the trial was inadmissible and cites authorities to each of the above. Part ten is the "Argument."

We have taken the time to thus briefly outline appellant's brief, so that the appellee's objections to the sufficiency of appellant's brief can be better understood. It will be noted that appellant nowhere discusses his first assignment of error, which relates to the overruling of his motion to quash. We will therefore treat this assigned error as waived. *Klink* v. *State, supra; Barker* v. *State, supra; Fidelity & Casualty Co.* v. *Sinclair. Ref. Co., supra.*

The other assigned error relates to the overruling of his motion for a new trial. His first point under his points and authorities relates to declarations of a co-conspirator made after the commission of the alleged offense. In the first place, appellant makes no attempt to direct the point under consideration to any alleged error; second, appellant does not set out or state generally what was said or who made the statements of which he makes complaint; third, no showing is made that any question was saved by any objection or exception; and fourth, the point is a mere abstract proposition of law without any application whatever to any alleged error. This point presents no question for our decision.

The next point made by appellant relates to remarks

made by the court. Again appellant does not show to what error the point is applicable. Neither does he show what remarks the court made that prejudiced the jury or that any objection or exception was taken thereto. It is true that in his motion for a new trial he assigns reasons therein, that the court made certain remarks prejudicial to appellant, but appellant's brief does not show that these remarks were brought into the record by any bill of exceptions or that he ever filed or attempted to file such a bill. No question is presented on this point. Points C, D, E, and F, we assume, relate to the overruling of appellant's supplemental motion for a new trial. The substance of these four points is to the effect that the confessions of Bolin and Sharp show that appellant is innocent of the crime charged and that appellant was wrongfully convicted.

As pointed out above, appellant, under the heading "Evidence," narrated the evidence given by Virgil May on direct examination only. He has not attempted to give a condensed recital of the other evidence, although the record discloses that eighty-six witnesses testified at the trial of appellant, and more than two thousand pages of the record is devoted to the evidence given by these witnesses. It was conceded by the attorneys for appellant in oral argument that the evidence given at the trial was not brought before this court by appellant's brief, and in order for the court to consider and determine this question it would be necessary for the court to search and read more than two thousand pages of the record devoted to the subject of evidence.

It is so well settled by the decisions of this court that we will not search the record in order to reverse a cause, that we need cite no authority to this proposition. It is the duty of appellant, under rule 21, §5 of the rules of

the Supreme Court, to so prepare his brief that it will present every alleged error relied upon for reversal. It was, however, contended by counsel for appellant in oral argument that the newly discovered evidence set out in appellant's supplemental motion for a new trial was such that it was error for the trial court not to order a new trial, notwithstanding the evidence given at the trial. We do not think appellant can be sustained on this proposition. It seems to be the settled law in this state that in order for this court to determine whether the alleged newly discovered evidence was such as would make necessary a new trial, this court should have before it the substance of the evidence produced at the trial. In the case of *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147, where the court had under consideration the question of a new trial on account of newly discovered evidence, the court said (p. 49),

"Newly-discovered evidence is one of the statutory grounds for a new trial. §2158, Burns 1914, Acts 1905, p. 584, §282. But the mere fact that such evidence is new does not *ipso facto* warrant the granting of a new trial. It is to be considered in connection with the evidence upon which the accused was convicted, and if when so considered there is a strong probability of innocence, or that the proposed evidence would probably change the result, a new trial should be awarded. *Morse* v. *State* (1886), 108 Ind. 599, 9 N. E. 455; *Smith* v. *State* (1896), 143 Ind. 685, 42 N. E. 913; *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996; *McCoy* v. *Purcell* (1915), 184 Ind. 154, 110 N. E. 658; *Stalker* v. *Breeze* (1917), 186 Ind. 221, 114 N. E. 968; *Scheigert* v. *Boyer* (1919), 69 Ind. App. 674, 690, 122 N. E. 670.

"Appellant had the responsibility of making 'a strong and clear case.' *Swift* v. *Wakeman* (1857), 9 Ind. 552. The ruling on the motion rested upon all of the evidence which was more or less affected by weight and credibility clearly within the province of the trial court. Under such circumstances, this court will not interfere with such ruling, ex-

cept upon error plainly shown, which in our judgment has not been done in this case."

In *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996, the court said (p. 160),

"In addition to the defects in the showing which we have pointed out, it remains to be stated that we are unable to review the ruling of the trial court, because there has been no effort to get the evidence which was introduced upon the trial before us. It is thoroughly established that the ruling of a court in refusing a new trial on the ground of newly-discovered evidence will not be considered unless the evidence given upon the trial is in the record. *Townsend* v. *State ex rel.* (1859), 13 Ind. 357; *O'Brian* v. *State ex rel.* (1860), 14 Ind. 469; *Cowden* v. *Wade* (1864), 23 Ind. 471; *Harsh* v. *Kegley* (1880), 72 Ind. 398; *Cooper* v. *Bartlett* (1898), 150 Ind. 693. As said in *Ruddick* v. *Ruddick* (1863), 21 Ind. 163: 'How can this court, while in ignorance of the evidence given on the former trial, say what, in connection with that evidence, might be the effect of the newly-discovered evidence, upon another trial?' "

As far as appellant's brief shows, the newly discovered evidence may have been cumulative or merely impeaching in character, and the trial court may have had before it in the trial of appellant evidence of the facts stated by Bolin and Sharp in their alleged confession.

It may also be observed that from the record we learn that the state filed sworn counter-affidavits in opposition to the matter set out in appellant's supplemental motion for a new trial. These affidavits were in contradiction and impeachment of the affidavits of both Bolin and Sharp and the testimony they had given at their respective hearings. The testimony of both Bolin and Sharp and their supporting affidavits tended to exonerate appellant of any connection with the alleged conspiracy, but the counter affidavits filed by the state in opposition tended to support the theory that appellant's co-defendant Bolin and the defendant Sharp had agreed to plead

guilty and assume all responsibility for the commission of the alleged felony and to exonerate appellant and all others charged with being connected with the conspiracy for a consideration of five thousand dollars and the care of Sharp's family while he was serving his time in prison. The affidavits filed by the state contain statements of fact, if true, and believed by the trial court could not be reconciled with Bolin's and Sharp's statement insofar as their statement tended to exonerate appellant of participation in the alleged conspiracy. Said statements of fact tend very strongly to support the verdict of the jury in this case, and tends to show that appellant participated in the alleged crime.

Appellant in his brief nowhere mentions the counter affidavits filed by the state, nor discusses their legal effect. How can this court determine the question here attempted to be presented in view of the facts above set out? The ruling on a motion for a new trial on the ground of newly discovered evidence rests upon a consideration of all the evidence, which is more or less affected by weight and credibility of the witnesses testifying, which questions the trial court can more advantageously pass upon than can this court, and under such circumstances the decision of the lower court will not be disturbed unless reversible error is clearly shown. This was the affirmative duty of appellant and he has utterly failed in his attempt and the case will not be reversed for overruling appellant's motion for a new trial or in overruling his supplemental motion for a new trial.

Appellant cites and relies heavily upon the case of *Dennis* v. *State* (1885), 103 Ind. 142, 2 N. E. 349, in urging this court to consider the supplemental motion alone and order a new trial without reference to the evidence introduced at the trial of appellant. In the Dennis case, the state relied almost entirely upon the

confession of one John W. Coffey. It is shown that said Coffey made his first confession before the coroner, in which he assumed all responsibility for the alleged murder. It was generally believed that Coffey was not alone responsible for the murder but that others were implicated with him, and he was diligently pressed to make a further confession, and to tell who helped him in the commission of the crime. Under this pressure Coffey yielded and made what was called his second confession implicating the defendant Dennis, and making him the principal in the murder, while Coffey himself was made to play only a secondary part in the tragedy. This confession led to the indictment of Dennis and Coffey jointly. At the separate trial of Dennis, Coffey testified in substantial accordance with the second confession and Dennis was found guilty of murder in the first degree. Afterwards Coffey made what is known as his third confession, which differed widely from either of the other confessions, and which was made the basis of appellant's supplemental motion for a new trial. It was under the above state of facts that the court held that the trial court should have granted a new trial. It is at once apparent that this court, in considering the question, considered the supplemental motion in the light of the evidence given at the trial, for this language was used at the conclusion of the opinion,

"By his third confession Coffey says, in substance and effect, that he had perjured himself in each of his previous confessions and in his testimony on the trial of this cause. We are met, therefore, with this question, ought we to permit the appellant, who has been convicted upon confessedly false and perjured testimony, to suffer the extreme penalty of death? With a just sense, we hope, of our official duty, we answer this question in the negative."

The Dennis case presents an altogether different picture than is presented in this case. The state in the present

case did not rely upon the testimony of either Bolin or Sharp, and as far as we are advised no witness for the state has changed his testimony, and the conviction in the present case does not rest upon confessedly perjured or repudiated testimony, but rests upon the testimoney of some sixty witnesses whose testimony has in no way been repudiated and the substantial part thereof can be reconciled with the confession of Bolin and Sharp. Consequently we do not consider the Dennis case authority for appellant's contention.

It is indeed a serious question as to whether the assignment of error "The court erred in overruling the appellant's motion for a new trial" presents any question attempted to be raised by the supplemental motion for a new trial. The record as to the date of judgment and verdict, the filing of the motion for a new trial, the filing of the supplemental motion for a new trial, and the ruling by the court thereon has heretofore been set out and need not again be set out. The statute, §2325, Burns 1926, §9-1903, Burns 1933, provides in the last paragraph thereof as follows,

"The motion for a new trial and the causes therefor shall be in writing and must be filed within thirty days from the date of the verdict or finding;"

It appears to us that the language of the above statute is clear and unambiguous, and not subject to construction. While it is true that the language used in some of the decisions of this court would indicate that in cases involving the life or liberty of an accused, it would not be reversible error if the trial court would entertain a supplemental motion for a new trial on the ground of newly discovered evidence, even though it should be offered after time allowed by statute, but the rule would be otherwise if the accused was charged with a misdemeanor. Thus in the case of *Niswonger* v. *State* (1913), 179 Ind. 653, 102 N. E. 135, the court said (p. 657),

"Furthermore, in our code of criminal procedure it is provided (§2158, Burns 1908, Acts 1905, p. 584, §282) that 'the motion for a new trial ... must be filed within thirty days from the date of the verdict or finding.' While the matter of permitting a defendant to file a supplemental motion for a new trial in a case involving his life or liberty is within the sound discretion of the trial court, as was said in *Dennis* v. *State* (1885), 103 Ind. 142, 147, 2 N. E. 349, we are constrained to hold that it would not be an abuse of such discretion to refuse to entertain such motion in a case involving a misdemeanor only, where the same was not filed for eighty days after the rendition of the judgment. Here the circuit court entertained such motion and did not err in overruling the same."

It will be noted that the court did not definitely commit itself to the proposition that it would not be error in permitting the filing of such a motion but was satisfied to say, "Here the circuit court entertained such motion *and did not err in overruling the same."* The position of the court in this case can be understood by carefully reading the case of *Dennis* v. *State, supra,* upon which the court based its decision. The court in this case uses this language in discussing the right to file a supplemental motion for a new trial after term (p. 147).

"Something has been said in argument by counsel for the State, to the effect that the filing of appellant's supplemental motion for a new trial, after final judgment, was not authorized by any law or rule of practice. Such motion was filed during the same term of court at which final judgment was rendered, and such motion was entertained by the court, and, after a hearing thereon upon affidavits and oral evidence, was overruled by the court, all without objection or exception on the part of the State, so far as we can find. At all events, the action of the court in permitting appellant to file such motion is not called in question here by the State by any assignment of cross error. The question, we think, is not properly presented for our decision. But if it were we would be of opinion that the question is one which addresses itself to the sound discretion of the trial court, and that, in any case of

felony, involving the life or liberty of the defendant, it would be an absolute abuse of such discretion to refuse to entertain a supplemental motion for a new trial, founded upon matters occurring after final judgment, bearing strongly upon the guilt or innocence of the defendant, and reasonably supported by the affidavits therewith filed. In this case, the supplemental motion for a new trial, and the affidavits and oral evidence introduced on the hearing thereof, are incorporated in a separate bill of exceptions, which is properly in the record. There is no error in the action of the court in entertaining appellant's supplemental motion, of which the State can be heard to complain."

It will be noted that in the above cases they do not hold that the discretion of the trial court extends to supplemental motions filed more than thirty days after verdict or finding. As we read these cases they hold that it is within the sound discretion of the trial court to permit the filing of a supplemental motion if offered within the time allowed by statute. But they do not hold that it is within the discretion of the trial court to permit a supplemental motion for a new trial, if offered after term and after the expiration of thirty days after verdict or finding. Without a statute on the subject the jurisdiction of the court to set aside a judgment ended upon the expiration of the term at which it was rendered. *Rooker* v. *Fidelity Trust Co., Trustee* (1931), 202 Ind. 641, 177 N. E. 454; *McClellan* v. *Binkley* (1881), 78 Ind. 503; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122. After term the judgment was no longer under the control of the court. During term the judgment was held to be in the lap of the court or said to be *in fieri* until the close of the term. Many judgments were rendered near the close of the term and it was difficult for litigants to prepare their motion for a new trial and file the same before the term expired. In order to remedy this situation the legislature by the above statute extended the time for filing motions for new trials thirty days after verdict or find-

ing, and gave the trial court jurisdiction over the subject matter for such a period of time. After the expiration of the time fixed by the statute, the court has no discretion in permitting motions for a new trial to be filed. The statute is positive and fixes the time and the court has no power to extend the time beyond the terms of the statute. In the case at bar the record clearly shows that appellant's supplemental motion for a new trial was filed after the expiration of the term at which the judgment was rendered and more than thirty days after verdict and judgment. We therefore are constrained to hold that appellant had no right to file his supplemental motion for a new trial and the same will not be considered on appeal.

We have discussed every question presented by aplant's brief and find no reversible error.

Judgment affirmed.